# Richmond.

MULLER'S ADM'R v. STONE.

MAY 3d, 1888.

Absent, Richardson, J.

TRUST DEEDS—*Sales in pais—Aid of equity.*—Where there is a cloud on the title, uncertainty as to the debts secured or the amounts thereof, or a dispute as to priorities, the aid of equity may be invoked by any person interested, to enjoin sale under trust deed until such impediments to a fair sale are removed. But unless some such impediments exist, it is not the duty of trustee, in every case where there are liens on the trust subject, to invoke the aid of equity before making sale *in pais. Shultz* v. *Hansbrough,* 22 Gratt., 567.

Appeal from decrees of circuit court of Fauquier county, rendered July 8th, 1886, and May 29th, 1886, respectively, in the suit wherein the appellant, A. D. Payne, administrator *c. t. a.* of William Muller, deceased, is complainant, and the appellees, George B. Stone, trustee, and others are defendants.

The record discloses the following facts: In June, 1883, W. F. Gray and wife conveyed to James P. Jeffreys, trustee, two tracts of land, situate in the said county, containing respectively ninety-five and sixty-three acres, to secure the payment of a certain debt of $2,000, evidenced by the bond of the grantors, to one Thomas G. Stone. Jeffreys, declining to act as trustee, R. R. Campbell was substituted in his place; and subsequently George B. Stone, a brother of the creditor, was substituted as trustee in the place of Campbell. In August,

1884, the same land was conveyed by the said grantors to R. R. Campbell, trustee, to secure the payment of a debt due by the grantors to one William Muller, whose administrator is the appellant here, amounting to $1,000, and evidenced by the note of the grantors. These deeds were duly recorded; and subsequently, in 1885, two judgments were obtained against the grantors, in the said circuit court, which are subsisting liens on the land.

In 1886, the trustee in the first mentioned deed advertised the land for sale for cash, both deeds providing that in the event of default, sale shall be made in accordance with the provisions of sec. 6 of ch. 113 of the Code. The administrator of Muller, however, obtained an injunction to enjoin the sale, upon a bill filed for that purpose. The bill avers that "a sale of the property by the trustee will be greatly prejudicial to the interests of the complainant; that it would be inequitable and illegal, inasmuch as it is notorious that real estate in this section of Virginia brings but a proportion of its true value when sold on deferred payments, and if sold for cash, as is proposed by the trustee, George B. Stone, at a time of great financial depression, will not approximate near its true value, but must be necessarily disposed of at an unnecessary sacrifice." And upon this ground an injunction to prevent the sale is prayed for. The bill also prays that an account of liens be taken, and for general relief.

The injunction was subsequently dissolved, in vacation, on the ground that there was no equity in the bill. And afterwards the plaintiff filed an amended bill, renewing his prayer for an injunction on the following grounds: (1.) That the land ought to be sold in parcels; (2.) That besides the liens of the two deeds of trust, "there exist certain judgment liens, which, until their relative priority be ascertained, and which is unknown to the complainant, will prevent any person from bidding intelligently on the land;" and (3.) That the trustee, who is a brother of the creditor, has exhibited such bias and

partiality as to disqualify him from fairly discharging his duty as trustee. And the prayer of the bill was, that the trustee be enjoined from selling the land as a whole, and that he be directed to sell only so much thereof as may be necessary to pay off the lien of the said Thomas G. Stone; and also that an account be taken by a commissioner, before the sale is made, stating the respective dates and amounts of the liens on the land, and to whom the same belong.

Both the creditor and the trustee answered the bill, denying the charge of bias and partiality on the part of the latter, and averring that they were entirely willing to sell the land in parcels; and in the answer of the former it was alleged that there is no dispute as to the amounts and priorities of the liens on the land, and that there is no lien thereon prior to the two deeds of trust above mentioned; that there are two junior judgment liens on the land, the respective dates and amounts of which are undisputed. Both of the answers were sworn to. And the cause coming on to be heard by consent, in vacation, upon the bill and amended bill, the answers and exhibits therewith filed, and upon the motion of the defendants to dissolve the injunction awarded upon the filing of the amended bill, it was ordered that the injunction be dissolved, and that the trustee proceed to sell the land or so much thereof as might be necessary, to pay the debt due to the said Thomas G. Stone. It was also ordered that the cause be retained on the docket, and that the trustee report his proceedings to the court, with a view to a further decree. The administrator of Muller thereupon applied for and obtained an appeal and *supersedeas* from one of the judges of this court.

*A. D. Payne* and *J. V. Chilton*, for the appellant.

*Hunton & Son* and *Brooke & Scott*, for the appellees.

Lewis, P., after stating the case, delivered the opinion of the court.

It is clear that the appellant is not entitled to relief upon the ground set forth in the original bill. If authority for such a proposition were needed, the case of *Muller* v. *Bayly*, 21 Gratt., 521, is directly in point and conclusive. In that case, the bill alleged that the time for a sale was unpropitious; that money was scarce, and that, owing to the large amount of the cash payment required, the sale, if made as advertised by the trustee, would be attended with great, if not irreparable, loss and injury, etc. But, said the court, " certainly these allegations can afford no just ground for enjoining the sale," and a decree was entered accordingly.

It is contended, however, that upon the allegations of the amended bill, it was error to refuse to direct an account of liens to be taken before the land is sold; and in support of this position, reference is made to *Shultz* v. *Hansbrough*, 33 Gratt., 567; *Hoge* v. *Junkin*, 79 Va., 220, and other authorities. We are of opinion that none of these cases apply to the facts of the present case as disclosed by the record.

That a trustee is considered as the agent of both parties and bound to act impartially between them; that it is his duty to use every reasonable effort to sell the estate to the best advantage, and that it is his duty to apply to a court of equity where there is a cloud upon the title, or where there is doubt or uncertainty as to the amount to be raised, or as to prior encumbrances on the trust subject, or where there is a conflict between the creditors, or in any case in which the aid of a court of equity is necessary to remove impediments in the way of a fair execution of his trust, are propositions which none will deny, and which have been repeatedly affirmed by this court. 1 Lom. Dig., 323; *Lane* v. *Tidball*, Gilm., 130; *Gay* v. *Hancock*, 1 Rand., 72; *Miller* v. *Argyle's ex'or*, 5 Leigh, 460; *Wilkins* v. *Gordon*, 11 Leigh, 547; *Miller* v. *Trevilian*, 2 Rob., 1; *Bryan* v. *Stump*, 8 Gratt., 241; *Rossett* v. *Fisher*, 11 Gratt., 492; *White* v. *Mech. Building Fund Asso'n*, 22 Gratt., 233; *Shurtz* v. *Johnson*, 28 Id., 657; 2 Min. Insts., 286; 1 Bart. Ch. Pr., p. 447.

And it is equally well settled that, if the trustee fails in any such case to apply to a court of equity, the party injured by his default may do so. The rule is well stated by Judge Burks in *Shultz* v. *Hansbrough, supra,* as follows: "If a trustee *in pais* with power to make sale of real estate for the payment of debts attempts to make such sale while there is a cloud resting on the title to the property, or there is any doubt or uncertainty as to the debts secured or the amounts thereof, or a dispute or conflict among the creditors as to their respective claims, a court of equity, on a bill filed by the debtor, secured creditor, subsequent encumbrancer, or other person having an interest, will restrain the trustee until these impediments to a fair sale have by its aid been removed as far as it is practicable to do so."

These principles, we repeat, are too well settled to be controverted. But it is not the duty of a trustee in every case to invoke the aid of a court of equity, before making a sale of the trust subject, where there are liens thereon; and to hold that he is, or that if he fails to do so an injunction will be awarded at the instance of any party in interest as of course, would be to impose serious delays, involving costs and expense, in the execution of deeds of trust, which the law never contemplated, and without promoting the interests of either creditor or debtor. It is only when the aid of a court of equity is *necessary* that it ought to to be applied for; and it is only in such a case that its aid will be extended. If there are no real impediments in the way of a fair execution of the trust, then its aid is not necessary, and the costs of a law suit ought not to be added to the ordinary cost of executing the trust.

According to these principles, there was no necessity for the trustee in the present case to resort to a court of equity, and consequently there was no error in denying the prayer of the appellant for an account to be taken. Such an account was not necessary. The record shows that there was no cloud resting on the title, or doubt or uncertainty as to the debts binding the trust estate, or conflict among the creditors, or any

other impediment whatever to the execution of the trust *in pais.* On the contrary, it shows that the exact amount of all the debts and their respective privities were fully known, and that there was no dispute upon any of these points. These facts appear from the answers of the defendants, which are sworn to, and which upon the motion to dissolve the injunction must be taken as true, there being no evidence to the contrary. *Hogan* v. *Duke,* 20 Gratt., 244; 1 Bart. Ch. Pr., p. 414.

What reason, then, was there for an account of liens? Or what reason was there for apprehending a sacrifice of the property if sold without an account being taken? None whatever. There is not even a suggestion in the record that there are any other liens on the land than those mentioned in the answers, and as to those, we repeat, there is no conflict or dispute.

The charge of bias and partiality on the part of the trustee is denied in the answers, and is not supported by any evidence in the case; and, as the sale is to be made under the supervision of the court, nothing more upon that point need be said.

The point made in the court below, and renewed in the petition for appeal, that a trustee ought not to sell more land than is necessary for the purposes of the trust, is met by the terms of the decree, which directs the trustee to sell the land, or so much thereof as may be necessary, to pay the debt due to the appellee, Stone. How much it will be necessary to sell, is a question for the trustee to determine; and the presumption is that he will determine it correctly and act accordingly. *Michie* v. *Jeffries,* 21 Gratt., 334; *Cleaver* v. *Mathews,* 83 Va., 801; 1 Bart. Ch. Pr., p. 446. The decrees are affirmed.

DECREES AFFIRMED.