HOWARD

*v.*

## FIRST NAT. BANK OF CHARLESTON, S. C.

(*Supreme Court of Appeals of Virginia, June 17, 1897.*)

[27 S. E. Rep. 492.]

Creditors' Suit—Compensation of Counsel—Case at Bar.

Where petitioner (with other counsel) filed a bill on the part of a creditor, who sued also in behalf of all other creditors who might become parties and contribute to the expenses, and, after a fund had been secured for distribution among the creditors who had become parties, another creditor was admitted, and its claim was allowed, though petitioner had already received compensation out of the trust fund, and from the creditors previously admitted, he was entitled to additional compensation from such other creditor, to be measured by his services by which it had been benefited, but not to be increased, by reason of the failure of his fellow counsel to make a similar claim.

Appeal from circuit court, Henrico county.

Petition by John Howard against the First National Bank of Charleston, S. C. From a decree dismissing the petition, petitioner appeals. Reversed.

*Coke & Pickrell*, for appellant.

*Williams & Boulware*, for appellee.

KEITH, P., delivered the opinion of the court.

John Howard and the firm of Marshall & Fisher, in Decem-

ber, 1871, filed a bill in the chancery court of the city of Rich-
mond, in the name of W. W. Glenn, a creditor of the National
Express & Transportation Company, suing on behalf of him-
self and all other creditors of said company who might become
parties to the suit and contribute to the expenses thereof.
The object of this suit was to collect the assets and pay the
debts of the National Express & Transportation Company.    It
was the beginning of a tedious, acrimonious, and difficult liti-
gation, which extended through a long series of years, found
its way into the courts of many states, and in its conduct
called for the exercise of diligence, activity, energy, skill, and
learning upon the part of counsel, and resulted in bringing
into court a very large sum of money for distribution.    John
Howard, the petitioner, and the firm of Marshall & Fisher, of
Baltimore, were the counsel chiefly instrumental in achieving
these results.    They earned and have received large sums of
money as compensation for their services, which has been paid
to them in part by the trustee in the deed of trust which the
National Express & Transportation Company had given to
secure its creditors, and in part by those creditors who came
in under the terms of the bill, made themselves parties, and
thereby undertook to share in the costs of the litigation.

In January, 1888, the First National Bank of Charleston,
S. C., by its counsel, John M. Glenn, filed its petition, stating
that it was a creditor of the defendant company, asking that it
might be made a party in the suit, and placed upon an equal
footing with the other creditors of the same class with itself.
Its claim was allowed, and it has received several installments
upon its debts ; and by a decree of April, 1895, the court
directed the further sum of $1,228.92 to be paid to it or
its counsel, John M. Glenn.    Thereupon John Howard filed
his petition, in which he stated in detail the facts a brief sum-
mary of which have been given, and he asked that the court
forbid the payment under the decree just recited until his
rights could be inquired into, and just compensation be decreed

to him, to be paid by the Bank of Charleston, for services as counsel rendered in the cause of which the bank has taken, and is attempting to take, the benefit.

To this petition the First National Bank of Charleston filed its answer, and the cause coming on to be heard upon the petition, the answer, and a statement of John Howard filed by consent, to be read as his deposition, the court dissolved the injunction, and dismissed the petition. From that decree an appeal was allowed by one of the judges of this court.

We are of opinion that the petition should not have been dismissed. It is true that the First National Bank of Charleston was represented by counsel, John M. Glenn, who filed its petition, as above stated, in 1888. The bank came into a suit in which, as the fruits of arduous and protracted litigation, a fund had been created, in which, as a creditor, it had a right to participate. The bank, of course, had a right to select its own counsel, but the only service rendered by that counsel was to prove a demand which could never have been the subject of serious controversy. The duty devolving upon counsel in filing the petition of the bank, and in establishing its position as a creditor of the National Express & Transportation Company, was of the simplest character. The service which required the high order of professional skill had already been rendered in the creation of the fund. Its distribution was free from difficulty. When, therefore, the Bank of Charleston came into the cause by petition, it not only found a fund ready for distribution, but it found its right protected against the statute of limitations, which would have otherwise been fatal, by the labor of those who had filed the original bill, and conducted the litigation down to that time. In common fairness, it ought to be required to pay its just proportion of the compensation to which those who rendered to it these important services are entitled. We think the petitioner, John Howard, was entitled to an order of reference to a commissioner to inquire and report what, under

the circumstances of the case, would be a fair compensation for the services rendered by him, and of which the appellee has received the benefit. We do not think, however, that the failure or refusal of Marshall & Fisher to assert any claim can have the effect of enlarging the compensation of the petitioner. He should be paid for what he has done, not for what has been done by others who declined to make any further claim for remuneration.

For the foregoing reasons, we are of opinion that the decree of the circuit court of Henrico county should be reversed.