Statement.

## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

WILSON, TRUSTEE, AND OTHERS v. LANGHORNE, TRUSTEE, AND OTHERS.

March 1, 1906.

1. TRUSTEES—*Commissions—Distribution of Funds by Court.*—A trustee in a deed of trust to secure creditors who neither sells the property conveyed nor receives the proceeds thereof is not entitled to the commission provided for by the deed, nor will a court of equity decree the payment of such proceeds to the trustee merely that he may receive his commission, where all parties, trustee and creditors, are before the court in a suit in which the trust subject has been sold and the proceeds thereof collected by officers of the court; but will distribute the funds directly to the creditors entitled thereto.

2. TRUSTEES—*Counsel Fees—Power to Contract for.*—When the trustee and the creditors in a deed of trust to secure the payment of debts are before the court, the trustee cannot contract for counsel fees payable out of the trust fund to prosecute an appeal from an adverse decree when the creditors secured already have counsel of their own choosing, and the trustee is a mere formal party, having no interest in the suit. This is particularly true where the trustee, in his answer, has not asked that counsel fees be allowed.

Appeal from a decree of the Corporation Court of the city of Lynchburg in the chancery suit of *Langhorne and others* v. *Langhorne, Trustee, and others,* in which petitions were filed by Wm. V. Wilson, Trustee, and in his own right, and J. S. Diggs and F. W. Whitaker. From an adverse decree the petitioners appeal.

*Affirmed.*

The opinion states the case.

*J. Singleton Diggs,* for the appellants.

*Caskie & Coleman, Leon Goodman, Harrison & Long, Jno. H. & L. D. Lewis* and *Alfred B. Percy,* for appellees.

KEITH, P., delivered the opinion of the court.

The case before us is the sequel to that of *Wilson, Trustee,* v. *Langhorne and others,* reported in 102 Va. 631. The case was then remanded to the Corporation Court of the city of Lynchburg to be proceeded in in accordance with the opinion then expressed. A controversy having arisen over the disposition of the fund, a final decree was entered in the Corporation Court distributing it in accordance with its opinion, which is filed in the record. From that decree this appeal was taken.

As it states in a very satisfactory manner the reasons which control its decision, we adopt the opinion of the court, and affirm its decree.

"This suit was for partition and distribution of an estate held by Geo. W. Langhorne, trustee, for his wife for life, and upon her death to be equally divided among her children. There were a number of liens and claims against the interest of A. A. Langhorne, one of the beneficiaries in said estate, and the subject of this litigation was chiefly as to whether his interest in said estate passed under a deed of trust from A. A. Langhorne & Co. to Wm. V. Wilson, trustee, dated the 13th day of June, 1892.

"All the creditors of A. A. Langhorne and Wm. V. Wilson, trustee, were made parties to this suit, and many of them were represented by counsel. The property was all sold, and the

proceeds brought into court by its commissioners. The controversy then arose between the creditors who had declined to release A. A. Langhorne & Co., as provided in said deed, and Geo. W. Langhorne, trustee, and those creditors who had accepted said release clause, over the distribution of the fund in the hands of the court's receiver.

"This court decided that the interest of A. A. Langhorne did not pass under the deed to Wm. V. Wilson, Jr., trustee, but on appeal this court was reversed, and the Court of Appeals held that A. A. Langhorne's interest passed under the deed to Wm. V. Wilson, Jr., trustee.

"The first question raised by the petitions is whether Wilson, trustee, is entitled to commission of five *per centum* on the fund belonging to A. A. Langhorne's creditors? Under said deed Wilson, trustee, would have been entitled to five *per centum* commission upon the fund passing through his hands as trustee from the sale of this property; but as he did not sell the same, it being sold by the commissioner of this court, would he be entitled to such commission? In other words, should the court decree the fund to Wilson, trustee, for distribution when the creditors are all before the court in order that he may receive his commissions, and thus make the fund pay a commission to its commissioner and receiver, and also to the trustee?

"I think not. Wilson, trustee, did not sell this property, which was a condition precedent to his being entitled to commissions. Besides it has been the uniform practice of this court and all other *nisi prius* courts, where there is a deed of trust upon property, and the creditors are all before the court, and the court sells the property by its commissioner, to pay the fund directly to the creditors. A trustee is only the agent for creditor and debtor to act impartially between them in raising and distributing the fund in accordance with the deed; and

where the court, by its commissioner, performs those functions, an allowance of commissions to the trustee would be a mere donation, rather than compensation, as said trustee never performed the services for which he was to receive commissions. Where a trustee has title to the whole fund, and the court enforces the trust, it will always execute it through the trustee, unless there is good cause for a different procedure, but whenever it does execute the trust through its commissioners the trustee is never allowed commissions. No case can be found where the trustee has title to only a small portion of the estate to secure creditors who are before the court, which it is selling and distributing the proceeds of among parties entitled thereto, where the fund was decreed to the trustee for distribution. Courts of equity do not go through needless forms. In his answer, Wilson, trustee, did not ask the fund to be paid to him, but to the creditors, recognizing thereby this well established rule of courts of equity. For the reasons above set forth the petition of Wilson, trustee, must be dismissed.

"The next question raised by the petitions is the right of Diggs and Whitaker to one-half of what each person will receive under said deed of trust as their fee for conducting the said appeal.

"Diggs and Whitaker were the purchasers of Mrs. Dirom's one thousand dollar claim at $100, and when they entered into the contract with Wm. V. Wilson, Jr., and took the appeal, and knew at that time that a number of the creditors had employed counsel to protect their interests, they made no mention of said contract or claim for fees, either to said attorneys of record or the creditors. They were not employed by any of the creditors, but by Wilson, trustee, who in his depositions says he never intended to employ them to represent any person who had his own counsel, and he did not consider he had the right to

do so. None of the creditors who were unrepresented by counsel are contesting their claim to said fee, but only those who had counsel.

"It is undoubtedly well settled that a trustee, where there are doubts and difficulties attending the execution of his trust, may appeal to the court for guidance, and as incident to this right, or when legal advice is necessary, or when maintaining or defending the deed of trust in suits in which the *cestui que trust* is not a party, may employ counsel, and out of the fund pay reasonable counsel fees. The cases of *Cochran* v. *Richmond and Alleghany R. Co.,* 91 Va. 339, 21 S. E. 664, and *Berkeley & Harrison* v. *Green,* 102 Va. 378, 46 S. E. 387, certainly fall under the above rule. In the first case the trustees only were parties to the suit, and not the bondholders, except in answer to the petition of Cabell & Smith for more fee. Cochran and all the bondholders in 1891 agreed upon the fee, but Cochran contended no part thereof should come out of the fund from which he was to be paid. In that case the trustees alone were asserting the rights of the bondholders and, of course, were entitled to have counsel fees allowed. In the latter case, Green, trustee, filed a bill asking the aid of the court in the execution of his trust, and therefore had the right to retain counsel for that purpose and pay them a fee out of the fund. But these cases are not analogous to the one at bar. Wilson, trustee, in this case was only a formal party holding the legal title, and all the creditors interested in the deed of trust were *sui juris* and before the court. He had no interest in the suit, not even for commissions, as the fund was not raised by him. It was not his duty, nor had he the right of appeal if the court's view about his commissions is sound.

" 'A trustee has such a beneficial interest in the trust property that he may maintain an appeal from a decree distributing

it or taking it out of his possession, or otherwise affecting it adversely to the interests of his *cestui que trust,* but where both the trustee and the *cestui que trust* are parties, the trustee cannot maintain an appeal to review rulings in respect to the *cestui que trust,* who must appeal on his own behalf.' 22 Am. & Eng. Ency. Pleading & Practice, p. 197; *Stewart* v. *Codd,* 58 Md. 86.

"It is true that in Virginia the Court of Appeals has held that a trustee may appeal, though the amount of no single debt secured in the deed of trust is $500.    But is not this ruling based upon the supposition that the *cestui que trustent* inspired the appeal, or the right which they have to use the name of the trustee to appeal?    *Bockes* v. *Hathorn,* 78 N. Y. 222.    The trustee being the agent of both parties, creditors and debtor, and bound to act impartially (*Hudson* v. *Barham,* 101 Va. 66, 43 S. E. 189, 99 Am. St. 849), what obligation is there upon him to appeal in a controversy between different creditors of the common debtor, unless urged to do so by some of the creditors, and if done at the instance of some of the creditors, would he not represent them alone, and not those who desired no appeal? The Court of Appeals has in a recent case (*Osborne* v. *Big Stone Gap Colliery Co.,* 96 Va. 68, 30 S. E. 446), held that a trustee in a deed of trust does not represent the creditors secured in proceedings in the courts of this State affecting the trust property.    If then the trustee is not bound to appeal, and he does not represent the creditors in proceedings in the courts of the State so that creditors would be bound by his representation, can he make contracts for counsel fees for an appeal when the parties already have counsel of their own choosing?    What would be the practical result in this case if this contract were sustained? The creditors who had counsel practically would get nothing after paying their own counsel whom they employed and those whom the trustee employed for them.    Some of these creditors

would practically be paying one-half of the fund coming to them for the privilege of being beaten, or asserting their rights as advised by counsel of their own choosing.

"Again, Wilson, trustee, does not ask in his answer for any fee for his counsel, so that parties to the litigation might be put on notice as to such claim. Nor is the case of *Howard* v. *First Nat. Bank* (Va.), 27 S. E. 492, 2 Va. Dec. 513, analogous to this case. In that case, Howard, by arduous litigation in the name of the trustee and by direction of the court, through the courts of this and many other States, brought a fund into the Circuit Court of the city of Richmond, where, in 1888, the bank filed its petition to become a party and prove its debt. Its counsel did nothing but file said petition and prove its claim, which was done without difficulty or much labor, and the court held that it should not receive the benefits of Howard's labors without just compensation therefor.

"It can certainly not be contended that the creditors who refused to release Langhorne, as required in said deed of trust, under advice of counsel, and his individual creditors secured in the third clause of his deed, receive any benefits from the services of Attorneys Diggs and Whitaker, which, upon a *quantum meruit,* would entitle them to one-half of the small proportion of their debts coming to them. It would be a case of going for wool and being shorn, and at the same time having to pay the shearers.

"The case of *McDonald* v. *Logan, &c.* (Va.), 34 S. E. 490, was decided upon the construction of a contract, and can have no bearing on this case. The Federal courts are excessively liberal on the subject of granting fees to counsel, and no State court, especially in the South, ever follows them.

"For the reasons above set forth, the court does not think Wilson, trustee, is entitled to commissions; and Diggs and Whitaker have no contract for fees binding the creditors, but as

to those creditors who were not represented in the suit and are not contesting their fees, they may be allowed a fee of one-half of the recovery for each."

*Affirmed.*