Opinion.

---

## Richmond.

### McCormick v. Elsea and Others.

November 21, 1907.

Absent, Cardwell, J.

1. Counsel Fees—*Allowance out of Fund*—*When to be Refused.*—Except in rare instances, the power of the court to require one party to contribute to the fees of the counsel of another party, must be confined to cases where the plaintiff, suing in behalf of himself and others of the same class, discovers or creates a fund which enures to the common benefit of all; but the discretion vested in the court should never be exercised in a case where the interests of the party whose fund is sought to be charged, are antagonistic to the party for whose benefit the suit is prosecuted. The case in judgment belongs to the latter class, and fees were properly refused.

Appeal from a decree of the Circuit Court of Clarke county. Application for the allowance of counsel fees to be paid out of a fund under the control of court. Application refused.

*Affirmed.*

The opinion states the case.

*F. B. Whiting,* for the appellant.

*A Moore, Jr.,* for the appellees.

Whittle, J., delivered the opinion of the court.

This controversy arose out of a suit in equity brought by

Mary E. Smallwood (one of nine distributees of the estate of her mother, Letitia Elsea, deceased) and her daughter, Lillian Smallwood, against the administrator and remaining distributees.

The objects of the suit will appear from the material allegations of the bill, which are as follows: That Albert Elsea died intestate in August, 1903, survived by his widow, Letitia Elsea, and eight children, and a granddaughter, the child of a deceased son; that the decedent left a valuable estate, real and personal, and that W. W. Smallwood, the husband of Mary E. Smallwood, qualified as his administrator; that shortly after his death, W. W. Smallwood, in his own right and as administrator, and the plaintiff, Mary E. Smallwood, brought suit against his widow and distributees for the purpose of administering his estate; that the widow died testate about one month after her husband, survived by the distributees above mentioned; that by her will the testatrix devised a tract of land and bequeathed her entire personal estate to the plaintiff, Mary E. Smallwood, for life, with remainder to her co-plaintiff, Lillian Smallwood, in fee; that this real estate had been conveyed to Albert Elsea in trust for his wife, and that, after the execution of the will, the trustee sold the land, his wife uniting in the conveyance to the purchaser, and deposited the purchase money in bank to his individual credit; that this fund, together with the one-third interest of the wife in the personal estate of her late husband, constituted her estate and passed to the plaintiffs by the provisions of her will; that the administrator of Letitia Elsea had already asserted claim to the purchase price of the land, as a debt against the estate of the husband; and that the will had been lost or mislaid, or abstracted, and could not be produced. The bill concludes with the prayer that the two cases be heard together and the will established; that if necessary, a jury be impaneled for that purpose; and that the estate of the testatrix be administered in accordance with its terms.

The defendants resisted these contentions, and, upon issues made, the jury found that Letitia Elsea had executed a will, by the stipulations of which the land in question was devised to the plaintiffs, as alleged in the bill, but it appeared that no other portion of testatrix's estate was included in the will, and that the devise was revoked by the action of the testratrix in subsequently disposing of the land.

Thereupon, the appellant preferred a demand against the distributees of Letitia Elsea for $861.54 (being 20 *per cent.* of the assets of the estate) for professional services in prosecuting the suit to set up the will.

The commissioner in chancery, to whom the matter was referred, allowed the claim; but this finding, upon exception, was overruled by the court. The court, however, awarded a fee to appellant of $150 out of the assets, for services to W. W. Smallwood as administrator of Letitia Elsea.

It, moreover, appears that the appellant had entered into a contract with the plaintiff, Mary E. Smallwood, on behalf of herself and daughter, for a contingent fee of 25 *per cent.* of whatever might be realized by them under the will of Letitia Elsea. But the fee, which is the subject of this controversy, is founded upon an agreement with W. W. Smallwood, who had qualified as executor, and in that capacity had also retained the appellant to prosecute the suit to establish the will.

As we have observed, the contention of the plaintiffs that the will bestowed upon them the whole of the testatrix's estate, was strenuously and successfully resisted by eight of the nine distributees, and no part of the estate passed by that instrument. Nevertheless, if the insistence of the appellant were to prevail, the anomalous result would follow that, as fruits of their victory, the appellees would be compelled to contribute one-fifth of their patrimony in compensation to counsel for services in a suit, the purpose of which was to deprive them of all interest in their mother's estate. The simple statement of the proposition vindicates the action of the court in rejecting the demand.

Except in rare instances, the power of a court to require one party to contribute to the fees of the counsel of another party, must be confined to cases where the plaintiff, suing in behalf of himself and others of the same class, discovers or creates a fund which enures to the common benefit of all; but the discretion vested in the court should never be exercised in a case where the interests of the party whose fund is sought to be charged are antagonistic to the party for whose benefit the suit is prosecuted.

The rule is thus stated in 4 Cyc. 1013, 1014: "While there is, strictly speaking, no lien on any fund which is within the custody or control of the court, the court may award attorney's fees out of the fund. Thus, counsel for a representative may receive remuneration out of the estate, especially if he procures property for the estate; but counsel for a beneficiary cannot claim payment out of the estate, though he may be paid out of his client's share or from the portions of those beneficiaries who have joined in the proceedings, or have acquiesced in the attorney's exertions." See also *Roller* v. *Paul,* 106 Va. 214, 219, 55 S. E. 558.

In this case, the appellant, who is admittedly a lawyer of high character, relies wholly on his contract with the executor of Letitia Elsea, apparently overlooking the effect on his contention of the material circumstances adverted to, namely, that no assets came into the hands of his client, or under his control by virtue of his office of executor, and that the interests of his clients were opposed to those of the appellees, from whom he seeks compensation.

We are of opinion that the decree of the circuit court is plainly right, and it must be affirmed.

*Affirmed.*