# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

J. FRED EDMONDS V. G. WALTER MAPP, ET AL.

February 26, 1940.

Record No. 2139.

Present, All the Justices.

The opinion states the case.

*Benjamin T. Gunter, Jr.,* for the appellant.

*Stewart K. Powell* and *G. Walter Mapp,* for the appellees.

BROWNING, J., delivered the opinion of the court.

As is said in the briefs of counsel for each of the litigants, the sole question presented here "is as to the propriety of the court's action in allowing the fee complained of in this case to counsel for the plaintiffs."

This is a lien creditors' suit which was instituted in 1932 for the purpose of preserving the estate of the debtor, A. J. Lilliston, and subjecting it to the payment of the liens thereon according to their priorities.

"Ravenswood", a large plantation and a part of the estate, was sold in 1920 by Miss Margaret Conquest to Lilliston, the purchase price being $70,000.00, and in her deed to the purchaser a vendor's lien on the property was reserved for $50,000.00 (subsequently reduced to $30,000.00). The law firm of Gunter & Gunter represented Miss Conquest in this transaction as well as in the subsequent suit. Miss Conquest filed an answer in the suit, by her attorneys, and the point is made by the appellees that no objection was made to the fee allowance demand, notice of which was contained in the bill, or to the suit as affecting the enforcement of Miss Conquest's lien. Benjamin T. Gunter, Jr., of counsel for the appellant, was appointed a special commissioner to sell "Ravenswood" at public auction, which he did, and J. Fred Edmonds became the purchaser, at the price of $12,-100.00. The sale was confirmed by the court after it had required Edmonds to waive the right of a deficiency judgment. Edmonds, by assignment of Miss Conquest, was the owner and holder of the bonds which represented the unpaid balance of the vendor's lien.

Four years elapsed between the institution of the suit and the motion by the plaintiffs' attorneys for the allowance of a fee which they had claimed in the bill, out of the purchase price of "Ravenswood." The point is also made that during

this period the appellant was charged with notice of the fee claimed and made no objection to it. Though the charge is not actually made, the suggestion is that there was practical acquiescence on the part of the appellant. He did, however, make seasonable resistance when an active effort was made in court to secure the fee.

An agreed statement of facts shows that the appellant was actively represented throughout the progress of the suit by his own counsel. This being true, the decree of the court allowing an attorney's fee to the appellees to be paid out of the proceeds of the sale of the "Ravenswood" property is manifestly error. The burden of this would fall upon the appellant, which is without legal warrant, as we shall see. It is worthy of statement also that no additional property was unearthed or brought to light by the efforts of the plaintiffs' attorneys. Their services added nothing to the Lilliston estate.

The legal principle to which this court has steadfastly adhered is aptly expressed in Barton's Chancery Practice, vol. 1, page 200:

"It is the general rule that a creditor suing for himself and others who may come in and contribute to the expenses of the suit, institutes the proceeding for their common benefit, so that those who derive a benefit shall bear their proportion of the expenses and not throw the whole burden on one, and this rule applies to the fees of counsel, but if a creditor has his own counsel in a cause actively prosecuting it, he cannot be required to contribute to the compensation of another. In such cases the common fund cannot be charged beyond the costs fixed by law, and whatever money is to be decreed to counsel must be charged to the shares of those creditors who have employed him." Clearly, this case comes within the exception to the general rule as stated.

See also, *McCormick* v. *Elsea,* 107 Va. 472, 59 S. E. 411; *Stuart* v. *Hoffman,* 108 Va. 307, 61 S. E. 757; *Stoneburner* v. *Motley,* 95 Va. 784, 30 S. E. 364; *Dunlop* v. *McGehee's Ex'r,* 139 Va. 643, 124 S. E. 199.

A decree will be entered reversing the decree of the trial court as to the allowance of any fee to the appellees out of the proceeds of the sale of the property referred to and awarding the costs of this proceeding against the appellees, and the case is remanded to the trial court.

*Reversed and remanded.*