## CIRCUIT COURT OF CHESTERFIELD COUNTY

Genito Forest Associates

v.

Stuart A. Simon et al.

November 22, 1993

Case No. CH 93–1140

BY JUDGE T. J. HAULER

This case is before the Court on the Demurrer and Special Plea of Defendants Structured Asset Securities Corporation Trust II (SASCO), Property Asset Management, Inc., Fleet Management & Recovery Corp., Stuart A. Simon, and Michael P. Lafayette (Defendants).

Counsel appeared before the Court on November 10, 1993, and argued the case. No evidence was presented at the November 10 hearing.

Complainant filed its Bill of Complaint on August 25, 1993, in which it prayed for this Court to void the foreclosure sale of a parcel of improved real estate located at the Genito Forest Shopping Center.

Defendants' Demurrer asserts that the Bill of Complaint failed to state a claim on which the relief requested could be granted; that the mere filing of a *lis pendens* does not preclude a valid foreclosure sale; that Complainant failed to plead facts sufficient to show a breach of duty by Simon; that the Bill of Complaint failed to plead facts sufficient to state any cause of action against Lafayette; that Complainant failed to plead sufficient facts to show that Property Asset Management is an agent, instrumentality, or alter ego of Fleet or SASCO; and that it failed to plead facts sufficient to state a cause of action for collusion or conspiracy.

In Defendants' Special Plea, Defendants asserted that the Bill of Complaint sought only to have a lease on the property declared invalid but sought no relief that could have affected the interest to be transferred by the foreclosure.

The Complainant would have this Court set aside the foreclosure sale as an improper action of the trustees contrary to their fiduciary duty. It is well settled that trustees have a duty not to sell at foreclosure any property which is encumbered by a cloud on its title. *Muller's Adm'r v. Stone*, 84 Va. 834 (1888). The question thus becomes whether Complainant's filing of the *lis pendens* created a cloud on the title that would, in turn, create a duty in the trustees not to sell the property while it was so encumbered. The Court holds that it did not.

In Virginia, the law assumes that when a landlord and tenant enter into a lease, they acknowledge that title is in the landlord, *Alderson v. Miller*, 56 Va. (15 Gratt.) 279 (1858). Thus, by entering the lease, Complainant and Defendant, Plitt Theatres, Inc., acknowledged that title lay solely with Complainant.

The suit upon which the *lis pendens* was based was "to obtain an order that [Complainant owned] the property . . . in fee simple without the encumbrance of a certain lease . . ." and to obtain an order declaring Plitt and its assignees, Neighborhood Entertainment, Inc. (NEI) and Cineplex Odeon Corporation, jointly and severally, indebted to Complainant in the amount of $8,860,166.67, the accelerated rent amount, and requiring NEI to vacate the premises. This complaint concerned rights under the lease not rights to title in the property, despite Complainant's use of the term "fee simple." Moreover, the action for a Declaratory Judgment that Complainant owned the property in fee simple was irrelevant. By entering the lease, the parties had already acknowledged Complainant's title.

Since the action underlying the *lis pendens* did not bring title to the property into issue, the *lis pendens* itself did not concern title. *Lis pendens* based on actions seeking only recourse to the real estate or money damages, but not challenging title to real estate, do not cloud the title to the realty. *Green Hill Corp. v. Kim*, 842 F.2d 742, 744 (4th Cir. 1988); *Preston's Drive Inn Restaurant, Inc. v. Convery*, 207 Va. 1013 (1967). Here, since the action on which the *lis pendens* was based was essentially an action for acceleration of rents and for ejectment, the *lis pendens* did not create a cloud on the title to the property.

Without a cloud on the title, the trustees were within their rights to sell the property at the foreclosure sale. Thus, no facts have been pleaded which state a cause of action for improper acts by the trustees.

Therefore, this case is dismissed as to Defendants Simon, Lafayette, Property Asset Management, SASCO and Fleet, based on Defendants' Demurrer and Special Plea.