# 𝔎𝔦𝔠𝔥𝔪𝔬𝔫𝔡

## C. M. BROUN V. CITY OF ROANOKE.

February 20, 1939.

Record No. 1983-W-26.

Present, All the Justices.

The opinion states the case.

*Harvey B. Apperson* and *R. R. Rush,* for the plaintiff in error.

*C. E. Hunter,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

This case arose over the payment, under protest, by C. M. Broun, the appellant, of $500.33, with certain interest, which is the aggregate of taxes against a certain parcel of real estate in the city of Roanoke, for the years 1924, 1925, 1926 and 1927, which were levied by the State of Virginia and the city of Roanoke and had not been paid and were, therefore, on the delinquent list.

The title to the land had been in a number of persons, through successive alienations, and in September, 1922, the then owner executed a deed of trust conveying it to W. L. Welborn, Trustee, to secure the payment of two certain bonds. The grantors were designated as parties of the first part, the trustee as party of the second part, and the payees of the bonds as parties of the third part. This relation of the parties is mentioned because it will be of aid in discussing the provisions of the deed of trust.

We quote a part of it:

"And the said party or parties of the first part covenants or covenant as follows:

\*        \*        \*        \*        \*        \*        \*

"Second: That so long as any part of the debt or debts secured by this deed shall be unpaid, to remove from said premises all statutory lien claims; to protect all title and possession of said real estate; and to pay when the same shall become due, all taxes and assessments now existing or hereafter levied or assessed upon said real estate or the interest therein created by this deed or which by the laws of Virginia may be levied or assessed against said trustee, or his successors in trust, or the legal holder or holders of

said bond or bonds, for or on account of the debt or debts secured by this deed or the interest in said real estate thereby secured."

The fifth clause of the deed of trust declares what the parties of the second and third part may, if they shall so elect, do in the event of a failure or neglect of the parties of the first part to perform the covenants enumerated in the second clause, quoted above, and certain pertinent things that they may do are thus expressed:

" * * *. pay such taxes and assessments with accrued interest, officers' fees and expenses thereof, redeem such premises, which may be sold or forfeited for taxes or assessments thereon; purchase any tax title thereof; remove any statutory liens; * * * "

And it further provides that any sums which may be so paid out for such purposes shall be deemed a part of the debt secured by said deed of trust; and it is further provided that, "such liens, claims, taxes, assessments or tax titles so purchased, paid or redeemed by said parties of the second or third part, or the legal holder or holders of the said bond or bonds shall, as between the parties hereto, and their interest, be deemed valid so that in no event shall the necessity or validity of any such payments be disputed."

It is further provided in the seventh clause of the trust deed that in the event of any default as to the payments of money or breach of the covenants therein, the said trustee shall sell the property upon such terms and conditions as he or the parties of the third part, etc., " * * * may deem expedient or most beneficial to the trust," and in the event of sale the purchaser shall in no case be required to look to the application of the purchase money.

The trust deed then provides for the application of the proceeds of sale and clause two stipulates that the trustee shall pay and satisfy the indebtedness secured by said deed, remaining unpaid.

Since taxable real estate and tangible personal property have been segregated and made subject to local taxation only, the taxes levied upon city real estate are for the

benefit of the particular city. By express words the provisions of section 5167 of the Code made the parties to every deed of trust "and the beneficiaries thereunder," subject to its terms, except as far as may be otherwise provided in the deed of trust.

■ In the event of a foreclosure sale of city real estate, under a deed of trust, the city is a beneficiary to the extent of the unpaid taxes against such real estate.

■ The trustee, in such case, shall collect the taxes for the city and pay them to the city treasurer.

■ The provisions of the section referred to, in the case of a foreclosure, set up a simple and expeditious machinery for the collection of the city's taxes. The city has nothing to do in the premises, but it receives the benefit of the services of the trustee.

■ If the trustee collects the taxes and the city receives them from him, he is certainly the city's agent in the transaction. He is equally so, if he collects the taxes, and fails to pay them to the city. He receives the money charged with the payment of the taxes, when he collects the purchase price of the property foreclosed.

On May 18, 1927, W. L. Welborn, Trustee, advertised the property for sale, and the terms were expressed as follows: "For cash, sufficient to pay the costs of executing the trust, including a trustee's commission of 5 per cent, and the whole amount of the debt secured by the aforesaid deed of trust, to-wit: $2,700.00 with interest from October 15, 1926, until paid, and also all taxes and all other assessments unpaid, and the residue, if any, in three equal annual installments with interest, payable semi-annually."

■ It will thus be noted that the trustee was, by the express terms of the deed of trust, given the authority and the power to fix the terms of the sale. This being true, and there being no provision of law to the contrary, there can be no valid objection to the exercise of such authority by the trustee. We further observe that by certain provisions of the deed of trust, as has been pointed out, the

trustee had the right, *if he so elected,* to pay the taxes and assessments and to remove any statutory lien existent.

The advertisement of sale stipulating that he would require the payment in cash of sufficient money to do these very things, can be nothing else than the exercise of his right of election to do so.

We further accentuate the provision of the deed of trust which makes such payments a part of the debt secured by it, and the door to the right to question the acts of the trustee is closed because the necessity for, or the validity of such acts cannot be disputed. This latter is also by express provision of the deed of trust.

Then, too, the purchaser, by the terms of the deed, is not required to look to the application of the purchase money.

It is thus perceived that the trustee plumbed the way marked out by his chart until the date of the sale and the collection of the proceeds. Whatever may have been his subsequent obliquities is a matter of no concern here. It is suggested in the city's brief that the payment of these various charges and liens under the provisions cited, referred to the exercise of such duties before the sale. Their actual discharge or consummation must be a verity in order to have the status contemplated by the terms of the trust deed. We think this cannot be, for the very good and sufficient reason that there were no funds with which the trustee could have done these things and there were no provisions establishing any source of their being. We do not think that it could be fairly contended that it was the duty of the trustee to have personally provided funds for the purposes we have been considering.

The whole scheme of the provisions of the trust deed seems to present a perfect set-up of security to the purchaser against anything harmful to him, either by design or fortuity, to lure him into the most innocent and harmless state of repose. He paid the purchase price in question in cash. It was more than sufficient to pay the deed of trust indebtedness and all commissions, costs, taxes and

charges, including, in the language of the trust deed, "to remove any statutory liens on said premises." He rested upon the strength of the confidence which he had been induced to entertain. What else would a reasonable person have been expected to do?

The trustee did not do what he had advertised that he had elected to do. He died insolvent. The tax gatherers went after the appellant for the payment of the taxes. He paid the money under protest and brought action under a notice of motion for judgment against the city of Roanoke for the sum of $500.33. Upon an agreed statement of facts, and without the intervention of a jury, the court ordered that the plaintiff recover nothing of the said defendant, and that the defendant recover against the plaintiff judgment for its costs, etc.

In addition to what we have said about the terms of the deed of trust, we advert again to the terms of the statute, section 5167 of the Code, which was the law in 1927 when the sale of the property was had. The part of the section referred to and which is pertinent here is clause 12, which came of the Acts of the Assembly of Virginia of 1926, ch. 324, page 591. The portion of the section referred to is as follows:

"The trustee shall receive and receipt for the proceeds of sale, no purchaser being required to see to the application of the proceeds, and apply the same, first, to discharge the expenses of executing the trust, including a commission to the trustee of five per centum of the gross proceeds of sale; secondly, to discharge all taxes, levies, and assessments, with costs and interest, including the due pro rata thereof for the current year; thirdly, to discharge in the order of their priority, if any, the remaining debts and obligations secured by the deed with lawful interest; and, fourthly, the residue of the proceeds shall be paid to the grantor or his assigns; provided, however, that the trustee as to such residue shall not be bound by any inheritance, devise, conveyance, assignment or lien of, or upon the grantor's equity, without actual notice thereof prior to distribution."

Thus the law applicable and the deed of trust, in their major provisions, seem to run parallel with each other; the only difference of importance is that in the latter there is no provision which, in so many words, requires the trustee to pay the taxes and costs of the removal of statutory liens. But in our judgment this requirement is included in the second clause pertaining to the application of the proceeds of sale. This clause, it will be remembered, provides for the satisfaction of the indebtedness secured by the deed remaining unpaid, and a previous provision makes the sums in payment of the taxes, etc., a part of the debt secured by the deed.

It is urged that the trustee failed to make such payments; therefore, the contention is inept. The reply is, as is said before, that for the collection of the taxes represented by the city's lien, the trustee is the city's agent, by provision of law. Its agent defaulted. The purchaser paid the purchase price and, through no fault of his, the trustee failed in the performance of his duties as such.

Under the circumstances, who should suffer? The purchaser did all that would occur to a reasonable person as necessary to do. In this position he was fortified by the provisions of the trust deed and by the appropriate provisions of the law.

Section 6270 provides, in part, that no purchaser at a duly authorized sale made by a trustee shall be required to see to the application of the purchase money. An annotation of the Code under this section is as follows:

"It is true under this section the purchaser from a trustee is not required to see to the application of purchase money; but, if he does not pay the purchase money, and legal title is conveyed to him, he takes it subject to the same equities as attached to it in the hands of the trustee. *Ballard Bros. Fish Co.* v. *Stephenson*, 49 F. (2d) 581, 584."

It would seem that the converse of this proposition is true, that is, if the purchaser did pay the purchase money, and the conveyance were made to him, he would take the

legal title free from the equities that attached to it in the hands of the trustee.

We have found no cases from this court that bear directly upon the issues here involved, but we think that the conclusion we have reached upon this phase of the case which we have discussed is the right one and the sound one.

██ It is of special significance to observe that wholesome public policy demands that property exposed to public auction sale shall bring the highest price obtainable. The legislature of the state, through sections 5167 and 6270 of the Code, has made this policy effective by assuring purchasers, at trustees' and commissioners' sales, that they will take the property free of delinquent tax lien, and that the taxes will be paid by the trustee out of the purchase price which he has collected. If prospective purchasers are to be required to assume the risk of delinquent taxes they will be discouraged in bidding in the future. Of course, the legislature, to avoid what happened in this case, could require, by statute, that all trustees who foreclose deeds of trust shall give bond for the faithful discharge of their duties.

It is well to note that lienors who are not secured in the deed of trust which is to be foreclosed, are neither parties nor beneficiaries thereunder. Therefore, they do not suffer if the trustee defaults.

Only those beneficiaries in the deed to be foreclosed lose when the trustee defaults.

It may be proper to say that for certain of the delinquent taxes (1924) there was a sale of the land in January, 1926. It was purchased by the pseudo treasurer in the name of the Auditor of Public Accounts for the benefit of the State of Virginia and the city of Roanoke, and the taxes and costs, including interest, incident to this, were included in the amount paid by the purchaser and sued for herein. It is stipulated in the agreed statement of facts that the purchaser had no actual knowledge of the taxes which were unpaid and delinquent.

The validity of the tax assessments and sale, as not being in accord with the rigid requirements of the law in such cases, is vigorously assailed by the purchaser. It is unnecessary to consider this, inasmuch as we have already disposed of the case.

It is our opinion to reverse the judgment of the trial court and remand the case thereto for the entry of a judgment which will be in accord with the expressions herein.

*Reversed and remanded.*

HUDGINS, J., concurring.

The question presented is whether a purchaser of land at a trustee's sale is liable to the Commonwealth or one of its subdivisions for unpaid taxes in the event the trustee fails to apply the proceeds of sale to the payment of taxes or other obligations secured in the deed of trust.

By the provisions of Code (Michie) sections 6268, 6269 and 6270, real estate sold in a chancery cause is upon certain conditions relieved of all liens for delinquent taxes. If the sum offered at a judicial sale is found by the chancellor to be a reasonable price therefor, and such sum is not sufficient to pay the costs of suit and the amount of delinquent taxes due thereon, the purchaser acquires the land free from the amount of unpaid delinquent taxes. If a special commissioner appointed by the court to sell real estate executes the required bond and the clerk's certificate of that fact is appended to the advertisement of sale, the purchaser at the sale is relieved of the duty of seeing that the proceeds are properly applied to the discharge of liens proven in the cause. These provisions transfer tax liens from the land involved to its proceeds in the hands of the commissioner and subject to the control of the court.

In clause 12, chapter 324, Acts of 1926, page 591, quoted in the majority opinion, this same principle is extended to sale of real estate by a trustee named in a deed of trust. That is, the liens on the land for unpaid taxes and the liens created by the deed of trust are by the statute transferred, by sale, from the land itself to the proceeds of sale when such proceeds are duly paid to the trustee. The transfer is limited to two classes of liens only—(1) a lien for unpaid taxes, and (2) the liens created by the deed of trust itself.

For these reasons, I concur in the conclusion stated in the majority opinion.

EGGLESTON, J., dissenting.

I can not agree with the holding of the majority opinion that because the trustee embezzled the proceeds of the foreclosure sale the city of Roanoke has lost its lien for taxes which the trustee should have paid out of such proceeds.

At the time the deed of trust was executed, in 1922, the city of Roanoke had a lien upon the real estate involved "prior to any other lien or encumbrance thereon for the taxes assessed thereon." Code, section 2454; Code of 1919, section 2271 (now incorporated in section 251 of the Tax Code, Code 1936, Appendix, p. 2485). These statutes have continued in effect down to the present time.

The majority opinion holds that although these taxes have not been paid, the lien therefor has nevertheless been wiped out because the purchaser at the foreclosure sale paid the purchase price in full and the trustee, through no fault of the purchaser, embezzled the proceeds and failed to discharge the taxes.

First, it is said that because the deed of trust directed and obligated the trustee to pay the taxes out of the proceeds of the foreclosure sale and absolved the purchaser from any duty to look to the application of the proceeds, such purchaser had the right to assume that such taxes were paid, and that the city lost its lien therefor although the taxes were not in fact received by it. In other words, it is held

that the parties to the deed of trust (the grantor, the trustee, and the holder of the bonds thereby secured), by their contract, to which the city was not a party, have wiped out the city's statutory lien for taxes.

But only the parties to a contract are affected by its terms. When the deed of trust provided that the trustee should pay the taxes out of the proceeds of sale, and that the purchaser need not look to the application of such proceeds, this was binding only on the parties to the deed and the creditor thereby secured. Such provision could not possibly affect the tax lien of the city of Roanoke, which was not a party to the contract.

Neither do I think that because the deed of trust imposed upon the trustee the duty of paying the taxes, the city became a beneficiary under the deed of trust (as the opinion holds) and was bound by the terms thereof. The city had no part in making the contract. It did not know of its existence until long after it had been made. Without the city's consent the parties to the deed of trust could not make it a party to or bind it by the terms of their contract.

Therefore, regardless of the terms of the deed of trust, I think that the purchaser took title to the property subject to the lien of any delinquent taxes thereon unless he was relieved therefrom by some statutory provision.

Next, the majority opinion holds that Code, section 5167, has discharged the land from the lien of these taxes. It is said that inasmuch as paragraph 12 of this section requires the trustee to pay all taxes and levies out of the proceeds of sale, and relieves the purchaser of any duty of seeing to the application of such proceeds, it has in effect constituted the trustee at this foreclosure sale the agent of the city government, with the power and authority to collect all taxes due on the land sold, and that the loss occasioned by the default of the trustee to discharge his duties must fall on the government, whose agent, it is said, the trustee is.

This reasoning overlooks the plain language of the opening paragraph of this section, which says: "Every deed of trust to secure debts or indemnify sureties, except so far

as may be therein otherwise provided, shall be construed to impose and confer *upon the parties thereto, and the beneficiaries thereunder*, the following duties, rights and obligations *in like manner as if the same were expressly provided for by such deed of trust*, namely:" (Italics supplied.) Then follows a number of provisions, including those in paragraph 12 above referred to.

Obviously this means simply that unless the deed of trust provides to the contrary every provision of the statute becomes incorporated in the deed of trust, becomes a part of the agreement as if written therein, and becomes binding upon "the parties thereto and the beneficiaries thereunder," and upon them alone.

There is no suggestion in the statute that these provisions are to be binding on any one other than the parties to the deed or the beneficiaries thereunder. There is no suggestion that the provisions are intended to affect the lien of the county or city for its unpaid taxes, or any other lien on the property.

In providing that the trustee should disburse the proceeds of the sale in a particular manner, and that the purchaser was not required to see to the application of the proceeds, it was the purpose of the statute to constitute the trustee the agent for the parties to the deed and the creditor thereby secured. For the statute expressly says that its provisions "shall be construed to impose and confer *upon the parties thereto, and the beneficiaries thereunder*, the following duties, rights and obligations," etc. (Italics supplied.)

The majority opinion takes the position that because the grantor in the deed covenants to pay the taxes, and because the trustee is required to pay the taxes out of the proceeds of sale, the city is a beneficiary within the meaning of this section and is bound by the terms of the deed of trust. I do not think so.

As has already been pointed out, the city had no part in the making of the deed of trust. It was not benefited thereby. It already had, by statute, a lien for its taxes superior

to that of the deed of trust. This lien the parties to the deed of trust could not affect without the city's consent.

The covenants in the deed of trust for the payment of taxes are inserted for the benefit of the note holder, to insure to him the payment of taxes which are superior to his lien. If the taxes are not paid the holder of the note secured may call on the trustee to foreclose the deed of trust. The city has no such right.

The provision in the statute and in the deed of trust requiring the trustee to pay the taxes out of the proceeds of sale is inserted for the benefit of the purchaser, to insure to him, as far as the parties can do so by their contract, that he will get a title to the property free of taxes.

Moreover, it is inconceivable that the Legislature could have intended by this section (5167) to appoint every trustee at a foreclosure sale the legal agent of the state, city, or county governments for the purpose of collecting taxes, as the majority opinion holds, when none of these respective branches of the government has any voice in the selection of such trustees or any supervision or control over their actions, when such trustees may be and often are non-residents, and when no bond is required of any of them.

It is quite true that the trustee is required to pay delinquent taxes out of the proceeds of the foreclosure sale. Tax Code, section 337, Code 1936, Appendix, p. 2504. But requiring one to pay taxes is a very different thing from appointing him the agent of the government to collect them.

Neither do I think that Code, section 6270, cited in the majority opinion, is determinative of the matter because it relieves a purchaser from a commissioner, a receiver, or a trustee of the obligation of looking to the application of the purchase money.

In providing that a purchaser from a commissioner or receiver need not see to the application of the purchase price, this of course means so far as the parties to the suit are concerned. This is so because the commissioner or receiver, acting under the authority and direction of the court, is the representative of all of the parties to the cause. Absolving

the purchaser of the duty of seeing to the application of the purchase price paid to a commissioner or receiver can not possibly affect the rights of an innocent lienor who is not a party to the cause.

And so when section 6270 provides that a purchaser from a trustee need not look to the application of the purchase price, this means only so far as the rights of the parties to the deed of trust, or the beneficiary thereunder, are concerned. This is because the trustee, from the nature of the transaction, is the agent of these parties. *Hudson* v. *Barham*, 101 Va. 63, 43 S. E. 189, 99 Am. St. Rep. 849; *Rohrer* v. *Strickland*, 116 Va. 755, 82 S. E. 711. If the provision were intended to cut out the rights of an innocent lienor who is not a party to the deed, it would be patently unconstitutional in that it deprives such lienor of his property without due process of law.

Nor can I agree with the majority opinion that as between two innocent parties the equities here favor the purchaser rather than the city which holds a lien on the land. The purchaser was dealing directly with the trustee. The purchaser knew or should have known that delinquent taxes were a prior lien on the land. He was in a position to protect himself by seeing that the taxes were discharged at the time the purchase money was paid and the transaction closed. On the other hand, the city, which was an innocent lienor, was not a party to the transaction, did not even know that the sale had been made, and had no possible way of protecting its rights. In this situation I think the equities are clearly with the city.

HOLT and SPRATLEY, JJ., concur in this dissent.