## CIRCUIT COURT OF STAFFORD COUNTY

In re Herbert S. Rosenblum,
Trustee of Foreclosure Sale
of Foreclosure of Stafford Hill,
Limited Partnership

July 3, 1996

Case No. (Law) 95000660

BY JUDGE JAMES W. HALEY, JR.

The primary issue here for resolution involves a determination as to the duty of a trustee at a foreclosure sale, under a specific set of facts, to collect a sufficient sum to pay outstanding real estate taxes on the property. The question arises in a procedural posture in which the court, at the request of the Commissioner of Accounts, T. M. Moncure, Sr., Esq., issued a show cause order against the Trustee for failing to timely file an accounting of the sale.

Succinctly stated, those facts are as follows. Herbert Rosenblum was named trustee under a deed of trust dated June 6, 1989, recorded in the Clerk's Office of the Circuit Court of Stafford County in Deed Book 681 at page 827. The deed of trust secured a series of thirty-four $20,000.00 promissory notes. The deed of trust included the following language setting forth the Trustee's duties in event of foreclosure. The Trustee was to advertise for sale "upon such terms and conditions . . . as . . . the trustee . . . shall deem advantageous and proper . . ." and upon sale to use the proceeds to pay "all taxes . . . that may be unpaid . . . ."

After default, the Trustee's advertisement included the following: "The property is sold . . . subject to . . . all other matters of record taking priority over the said deed of trust." The advertisement called for a 10% cash

deposit, but further stated that "Notwithstanding the foregoing, the Trustee reserves the right to waive the requirement of such deposit."

At the sale on June 28, 1994, the Noteholder was the highest bidder at $330,000.00. The Trustee waived the deposit requirement, and the Noteholder tendered no cash to the Trustee. In the deed subsequently executed by the Trustee to the Noteholder, recorded in Deed Book 1047 at page 752, the consideration is recited as the assumption of three prior deeds of trust totalling $170,000.00 and the surrender of eight promissory notes of $20,000.00 payable to the Noteholder, which, as noted above, were part of the indebtedness secured by the deed of trust foreclosed upon. The Trustee was and had been counsel for the Noteholder throughout all transactions associated with the deed of trust.

The real estate taxes on the property foreclosed upon for the years 1990 to 1994 had not been paid upon the date of sale. The Trustee did not pay the same, and they presently remain a lien upon the property.

The Trustee filed no accounting of the foreclosure sale with the Commissioner of Accounts of Stafford County.

Va. Code § 55-59(7) authorizes a trustee "to sell the [property] . . . upon such terms and conditions as the trustee may deem best." The language of the deed of trust in the instant case, as quoted above, contains the same broad authority for the Trustee to sell. In addition, also as quoted above, while the advertisement called for a deposit, the Trustee was specifically authorized to waive the same.

In *Yaffe v. Heritage Savings & Loan*, 235 Va. 577, 581, 369 S.E.2d 404, 406 (1988), discussing the statutory authorization of trustees in foreclosure to require a deposit and where the advertisement specified one, the Supreme Court stated:

> The statute is permissive, authorizing but not mandating a deposit requirement. The advertisement, which fixed the terms of the sale, left the requirement of a deposit to the trustee's discretion. Such a requirement is solely for the trustee's protection, and the trustee had authority to impose it or to waive it at his discretion.

See also, *Woodhouse v. Harrison*, 168 Va. 574, 191 S.E. 776 (1937); *Rogers v. Runyon*, 201 Va. 814, 113 S.E.2d 679 (1960).

In light of the foregoing, the court concludes the Trustee in the instant case was authorized both by statute and the deed of trust to waive a deposit requirement.

Va. Code § 55-59.4(3) reads in part that:

> The trustee shall receive and receipt for the proceeds of sale, no purchaser being required to see to the application of the proceeds, and apply the same, first, to discharge the expenses of executing the trust . . . secondly, to discharge all taxes . . . .

Va. Code § 58.1-3340 reads in part that:

> There shall be a lien on real estate for the payment of taxes . . . assessed thereon prior to any other lien or encumbrance . . . . The purchaser at a sale shall see that the proceeds are applied to the payment of all taxes, the provisions of § 55-59.4 notwithstanding . . . .

This immediately preceding provision of the Code makes it clear that the lien of taxes on the property survives a foreclosure sale and by its terms contemplates that there may be circumstances at a foreclosure sale where the "proceeds" are insufficient to pay all or part of the then existing tax lien.

In discussing this statutory scheme, the court in *In re Polumbo*, 271 F. Supp. 640, 642 (W.D. Va. 1967), noted:

> These sections give real estate taxes a priority over the payment of the proceeds of a foreclosure sale. They direct that the foreclosure trustee may satisfy all outstanding tax deficiencies before distributing proceeds, and in the event that this section fails, it is provided that the delinquent taxes shall remain a debt outstanding against the purchaser at the sale.

It is apparently not unusual for a trustee at a foreclosure sale to receive less proceeds than are necessary to pay all taxes. The new Commissioner of Accounts Manual recognizes this possibility: "The trustee is responsible for payment of all real estate taxes upon the property to the date of sale. Taxes not paid at sale remain a lien on the property." *Manual*, § 16.5, p. 122.

Counsel for Stafford County maintains that a trustee in foreclosure is an agent of the taxing authority and is required to collect enough cash or its equivalent at the sale to pay real estate taxes. Counsel's reliance on *Broun v. Roanoke*, 172 Va. 227, 1 S.E.2d 279 (1939), in support of this proposition is misplaced. In *Broun*, the issue was whether or not a purchaser at a trustee's sale was responsible for unpaid taxes on the property purchased where the trustee collected sufficient funds at the sale to pay the taxes but

embezzled the proceeds. The court held the purchaser responsible. The court did recite the trustee's responsibility to pay the taxes from funds collected at the sale by stating:

> *If* the trustee collects the taxes and the city receives them from him, he is certainly the city's agent in the transaction. He is equally so, *if* he collects the taxes, and fails to pay them to the city. He *receives* the money charged with the payment of the taxes, when he *collects* the purchase price of the property foreclosed. 172 Va. at 231, 1 S.E.2d at 280. [Emphasis supplied.]

The duty of a trustee in foreclosure to forward funds to the taxing authority to pay taxes is premised upon the trustee's actually receiving funds sufficient to do so. Indeed, in *Broun*, the city argued that the trustee had a duty to collect the taxes before the sale. The court noted:

> We think this cannot be, for the very good reason that there were no funds with which the trustee could have . . . [paid the taxes] . . . and there were no provisions establishing any source of their being. We do not think that it could be fairly contended that it was the duty of the trustee to have personally provided funds for the purposes we have been considering. 172 Va. at 232, 1 S.E.2d at 281.

The County's reliance on a November 16, 1990, Opinion of the Attorney General is likewise misplaced. The Attorney General writes: "It is my opinion, therefore, that when the noteholder is the successful bidder at the foreclosure sale, the trustee is required to pay delinquent real estate taxes from the proceeds of sale, *providing the proceeds are sufficient first to pay the expenses of sale and the statutory commission to the trustee . . . .*" (Emphasis supplied.)

In light of the foregoing, the court holds that under the specific facts of this case, the Trustee has no duty to collect sufficient funds at sale to pay real estate taxes.

Va. Code § 26-15 mandates that upon foreclosure "there shall, within four months after the sale, be returned by the trustee to the commissioner of accounts . . . an account of sale."

Such an accounting not having been timely received, the Commissioner of Accounts contacted the Trustee and requested the same. When no accounting was received after several months, the Commissioner properly and reasonably reported to the Circuit Court the failure of the Trustee to

prepare and file an account and properly and reasonably requested and received from the Circuit Court a Show Cause Order against the Trustee for this failure. The Show Cause Order was ultimately returnable on March 18, 1996.

On that date, the Trustee forwarded to the Commissioner copies of the notes, deed of trust, the notices and advertisements for the foreclosure, the foreclosure deed to the noteholder, and checks for the Circuit Court and the Commissioner's fee. By letter dated April 11, 1996, the Trustee supplemented his submittal by writing to the Commissioner and explaining that "[t]here were no funds whatsoever paid to the trustee at the auction. The noteholder did not pay Trustee's fees or any expenses to the Trustee." The Trustee acknowledged that any unpaid real estate taxes constituted a lien on the property.

The court finds that the Commissioner, as noted above, properly and reasonably in the exercise of his duties and responsibilities sought a show cause order against the trustee. The court further finds that the Trustee was in violation of his statutory duty under Va. Code § 26-15 to timely account. The Trustee had a duty, even if there were no proceeds, to report that fact, along with the other particulars of the transaction, to the Commissioner of Accounts. An accounting is required because an accounting "guards and protects every interest . . ." and affords "a prompt, certain, efficient and inexpensive method by which the accounts of fiduciaries might be settled . . . ." *Carter v. Skillman,* 108 Va. 204, 207, 60 S.E. 775, 776 (1908).

Nonetheless, the court finds that the Trustee's responses of March 18 and April 11, 1996, though untimely, constitute an accounting and that failure to earlier file one, under the circumstances of the instant case, was not willful or contemptuous, and accordingly, the imposition of those penalties for that failure, as set forth in Va. Code §§ 26-13 and 26-15, would be inappropriate. As a consequence, the show cause order against the Trustee will be dismissed.

Implicit in the determination of the issues raised by the show cause is the responsibility of the court to suggest guidance to the Commissioner of Accounts in future similar instances. As determined above, a trustee is required to timely file an accounting with the Commissioner, even if the trustee received no funds from execution of the foreclosure sale. In such instances, the court suggests that the Commissioner, in his report, state that the accounting filed does not show that property taxes (or expenses of

sale) have been paid, and that any approval of the accounting is subject to that or those exceptions.

The court is of the view that Va. Code § 58.1-22, which prohibits the filing by the Commissioner of Accounts of a report until taxes are paid or provided for, is applicable to accountings filed in conjunction with the administration of estates and not to the accountings filed by trustees in foreclosures. The court reaches this conclusion in light of the language of Va. Code § 58.1-22 referring to "estates" and the separate treatment of accountings required by trustees in foreclosures set forth in Va. Code §§ 26-13 and 26-15.