495 F.2d 1403
 Ruth M. CULBERTSON, Executrix of the will of William M.
Culbertson, Jr., Deceased, last surviving partner of the
partnership of J. H. Franks and William M. Culbertson, Jr.,
doing business as Whitewood Smokeless Coal Company, Appellee,
v.
JNO. McCALL COAL COMPANY, INC., a Maryland corporation, et
al., Appellants.
Ruth M. CULBERTSON, Executrix of the will of William M.
Culbertson, Jr., Deceased, last surviving partner of the
partnership of J. H. Franks, andWilliam M. Culbertson, Jr.,
doing business as Whitewood Smokeless Coal Company, Appellant,
v.
JNO. McCALL COAL COMPANY, INC., a Maryland corporation, et
al., Appellees.
 Nos. 73-1400, 73-1401.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 5, 1973.
Decided May 1, 1974.
 
 John S. McDaniel, Jr., Baltimore, Md. (Cable, McDaniel, Bowie & Bond, Baltimore, Md., Leroy Katz, Katz, Katz & Kantor, Bluefield, W. Va., Carl C. Gillespie, Gillespie & Gillespie, Tazewell, Va., on brief), for McCall Coal Co., Inc., et al.
 Joseph M. Sanders, Bluefield, W. Va. (Sanders & Blue, Bluefield, W. Va., on brief), for Ruth M. Culbertson et al.
 Before BOREMAN, Senior Circuit Judge, and WINTER and RUSSELL, Circuit judges.
 BOREMAN, Senior Circuit Judge:
 
 
 1
 The facts of this diversity suit are voluminous and complex. They are set forth in great detail in the district court's opinion reported at 275 F.Supp. 662 (S.D.W.Va.1967), and we think it unnecessary to fully repeat them here. A brief statement thereof should suffice.
 
 
 2
 William M. Culbertson, Jr. (plaintiff below), and J. H. Franks, doing business as Whitewood Smokeless Coal Company (Whitewood), had acquired by lease certain mining rights to coal in Buchanan County, Virginia. As part of the leasing agreement one C. A. Clyborne was to be the exclusive sales agent for the sale of the mined coal on a commission basis. Clyborne immediately assigned his rights as sales agent to Jno. McCall Coal Company, Inc. (McCall), who in turn made arrangements with Clyborne, Inc., to act as sales agent in return for a share of the commissions. From July 1, 1948, to December 31, 1955, during the term of the lease agreement, the accounting entries in Whitewood's books were consistent; they reflected the receipt of the sales price less the established commission supposedly taken by McCall. This would indicate that Whitewood dealt with and viewed McCall solely as a sales agent. McCall's accounting procedures, however, were less definitive. Some entries would indicate that McCall treated itself as a wholesaler, being required to pay a reported purchase price to Whitewood and free to make profits on any higher resale price. Other entries indicate that McCall considered itself a sales agent for Whitewood, entitled only to a commission. In 1963 evidence surfaced which caused Culbertson to file this action seeking an accounting of the proceeds from the sale of Whitewood's coal. Clyborne, McCall, and Clyborne, Inc. (defendants below), claim that the sales agency relationship was terminated by mutual agreement in February of 1949, and as wholesalers after that date they were not required to account for any money they received from the resale of Whitewood's coal. Culbertson contends that the sales agency relationship was never terminated and that defendants were required to remit the full sales price less the established commission.
 
 
 3
 In its findings of fact the district court found: the sales agency agreement had never been terminated; Culbertson believed, and with full justification, that McCall's capacity was that of a sales agent and not a wholesaler; during the entire period Culbertson had no reason to believe or suspect that McCall was not accounting to Whitewood for the full proceeds of sales less the agreed commission; McCall had withheld sales proceeds in violation of the agreement; and McCall misrepresented and concealed from Culbertson the true prices obtained from the sales of the coal. The court ruled as a matter of law that Culbertson's action was not barred by the applicable West Virginia statute of limitations and held that McCall's misrepresentations and concealment so obstructed Culbertson's right of action, within the meaning and intent of West Virginia Code ch. 55, art. 2, 17,[1] that the running of the statute of limitations was tolled. McCall was ordered to produce its books and records for examination and audit. A Special Master was appointed to determine the appropriate award of damages and he concluded that Culbertson was entitled to an award of a sum in excess of $170,000. The district court subsequently adopted the Master's report in all respects and refused Culbertson's request for attorney's fees and accounting costs.
 
 
 4
 In their appeal the defendants-appellants claim the district court erred in finding that the sales agency agreement had not been terminated in February of 1949 and in finding that there were misrepresentations and concealment by McCall which obstructed Culbertson's prosecution of his claim. In both instances they challenge the correctness of the findings of fact.
 
 
 5
 In reviewing a district court's findings of fact this court must follow Rule 52(a) of the Federal Rules of Civil Procedure.
 
 
 6
 'Findings of fact shall not be set aside unless clearly erroneous . . ..'
 
 
 7
 Findings of fact are presumptively correct and cannot be set aside unless clearly erroneous. Crowe v. Cherokee Wonderland, Inc., 379 F.2d 51 (4 Cir. 1967).
 
 
 8
 'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).
 
 
 9
 Neither our review of the record nor any point raised on appeal leaves us with a definite and firm conviction that a mistake was committed by the district court in its factual findings and we cannot say that they are clearly erroneous. We therefore find no merit in this aspect of the appeal.
 
 
 10
 Culbertson[2] has cross-appealed, alleging that the district court erred in disallowing the claim against McCall for recovery of attorney's fees and accounting costs. The district court concluded that had this case been tried in state court no litigation expenses could have been recovered and that the state rule with respect to such expenses should be followed in diversity cases. We previously considered this question in Sperry Rand Corp. v. A-T-O, Inc., 447 F.2d 1387 (4 Cir. 1971), and concluded that in diversity cases state law should ordinarily be followed. In that case we set aside an award of attorney's fees by the district court because under Virginia law, which law was there held to be controlling of substantive issues, no award of such fees was authorized.[3]
 
 
 11
 The West Virginia rule is that 'except in rare instances the power of a court to require one party to contribute to the fees of counsel of another party must be confined to cases where the plaintiff, suing in behalf of himself and others of the same class, discovers or creates a fund which enures to the common benefit of all . . ..' Roach v. Wallins Creek Collieries Co.,111 W.Va. 1, 8, 160 S.E. 860, 863 (1931); see also Security National Bank & Trust Co. v. Willim, W.Va., 180 S.E.2d 46 (1971). There is no indication that an action based upon fraud would constitute a 'rare instance' which under West Virginia law would justify the awarding of attorney's fees.[4] 'In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.' 6 J. Moore, Federal Practice P54.77(2), at 1712 (1974); see also Kellems v. California CIO Council, 6 F.R.D. 358 (N.D.Cal.1946). The facts of this case do not justify departure from that principle. We conclude that the district court committed no error in following West Virginia law in denying recovery of attorney's fees. See Guaranty Trust Co. v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).
 
 
 12
 Accordingly, we affirm the judgment entered below. Each side shall bear its own costs.
 
 
 13
 Affirmed.
 
 
 
 [1]
 West Virginia Code ch. 55, art. 2, 17 provides in part:
 Where any such right as is mentioned in this article shall accrue against a person . . ., if such person shall, . . . by absconding or concealing himself, or by any other indirect ways or means, obstruct the prosecution of such right, or if such right has been or shall be hereafter obstructed by war, insurrection or rebellion, the time that such obstruction may have continued shall not be computed as any part of the time within which the said right might or ought to have been prosecuted . . ..
 
 
 [2]
 William M. Culbertson, Jr., died while this case was pending on appeal. Ruth M. Culbertson, executrix of the will of William M. Culbertson, Jr., was substituted as a party to this appeal
 
 
 [3]
 Our decision in Sperry Rand Corp. v. A-T-O, Inc., 447 F.2d 1387 (4 Cir. 1971), was bottomed upon Virginia law as stated in McCormick v. Elsea, 107 Va. 472, 59 S.E. 411 (1907). In Roach v. Wallins Creek Collieries Co., 111 W.Va. 1, 160 S.E. 860 (1931), the West Virginia Supreme Court of Appeals adopted the Virginia rule with respect to awarding attorney's fees as set forth in McCormick v. Elsea, supra. Our decision in Sperry Rand is therefore persuasive authority for our decision in the instant case
 
 
 [4]
 The litigation expenses sought by Culbertson include both attorney's fees and accounting costs. As the district court noted, whether state law (Allen v. Colonial Oil Co., 92 W.Va. 689, 115 S.E. 842 (1923)) or federal law (6 J. Moore, Federal Practice P54.77(8), at 1751 (1974)) is applied, there is no authority for awarding accounting costs in cases such as this. There is, therefore, no merit in the appeal from the denial of accounting costs. Accordingly, we limit our discussion to the denial of attorney's fees