CUTRER, Judge.
Barbara Guillory brought suit for disability payments under the provisions of an income disability policy issued to plaintiff by Inland Life Insurance (now Ideal National Insurance . Company).[1] The trial judge rendered judgment awarding plaintiff disability benefits, penalties and attorney’s fees. Defendant appealed, and the plaintiff has answered the appeal, seeking an increase in the award of attorney’s fees.
The issues presented are whether the trial court erred in finding plaintiff disabled past February 29, 1980, and whether penalties and attorney’s fees should have been awarded.
DISABILITY CLAIM
The plaintiff purchased the disability policy in May 1979. Under the provisions of the policy, defendant agreed to pay plaintiff $200.00 per month disability payments if she became disabled due to injury or sickness. Plaintiff sustained injuries when she was involved in a fall while employed by Garan Industries, Inc., on October 8, 1979. The plaintiff was injured when her chair overturned as it became entangled in a hose lying on the floor. Plaintiff struck her head on the floor causing her to become unconscious for several minutes. She was taken to the Opelousas General Hospital where she was seen by Dr. Emile Ventre, her family physician.
Dr. Ventre diagnosed plaintiff’s injuries as a cervical and lumbar sprain along with contusions to the left ulna nerve. Plaintiff was hospitalized for a period of six days. Dr. Ventre continued thereafter to see plaintiff for her complaints of back pain and numbness in her hands and left leg.
While plaintiff was hospitalized she was examined by Dr. L. Lazaro, III, an orthopedic surgeon, at the request of Dr. Ventre. Dr. Lazaro found that plaintiff suffered a mild to moderate cervical strain and a liga-mentous strain to her back. Also, this physician found a contusion to the left ulna nerve at the elbow. He recommended bed rest and medication. He felt that plaintiff could resume her duties in 6 to 8 weeks. This is the only examination by Dr. Lazaro.
Dr. Ventre continued to see plaintiff and, due to her complaints of numbness, referred her to Dr. J. Frazer Gaar, an orthopedic surgeon. Plaintiff was examined by Dr. Gaar on three occasions, February 11, February 26 and February 29, 1980. As a result of the first examination Dr. Gaar was not able to ascertain the cause of plaintiff’s complaints but recommended that Dr. Ven-tre start plaintiff on a progressive program of physical therapy along with medication. Substantially the same recommendations resulted from Dr. Gaar’s second examination. The report of Dr. Gaar, and his testimony, reflects that, as of February 29,1980, he was unable to find any reason for plaintiff’s symptomology. He felt that she had reached a medical plateau and that plaintiff could return to work.
Dr. Ventre continued to see plaintiff and, even though he was unable to determine the exact cause for the complaints, he testified that plaintiff was disabled from per *302 forming her duties at her employment. Dr. Ventre explained that he had known and treated plaintiff for several years as her family physician. He was fully convinced that plaintiff’s disability resulted from injuries received in the accident and such disability existed at the time of trial, August 26, 1980.
The trial judge accepted the testimony of Dr. Ventre and found that the plaintiff was disabled from performing her duties with her employer as a result of the accident and that such disability was continuing at the time of trial. Judgment was rendered ordering defendant to pay $200.00 per month beginning on October 8, 1980 and continuing during disability.
It is the function of the trier of fact to determine the credibility of witnesses and the weight to be given to both the lay and medical testimony. Where the evidence is in conflict, the trial court’s determination of credibility should not be disturbed on appeal unless a review of the record indicates that the determination of the trial court is manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find no manifest error in the trial judge’s factual conclusion.
PENALTIES AND ATTORNEY’S FEES
The plaintiff filed her claim with defendant on forms supplied by defendant’s agent. This claim was received by defendant November 2, 1979. Dr. Ventre supplied defendant with monthly reports, beginning with a report dated October 30, 1979, showing plaintiff’s disability. These monthly reports of plaintiff’s disability by Dr. Ventre continued through June 1980. No payment was made until April 12, 1980, at which time defendant paid $1,000.00 in benefits for a period up to March 17, 1980. Defendant subsequently paid an additional $20.00 for the month following March 17, 1980.
The facts and circumstances presented clearly show that the defendant had no just or reasonable grounds to refuse payment until April 25, 1980, the date the report of Dr. Gaar was received by defendant. Plaintiff filed the required forms and Dr. Ventre supplied the necessary information each month certifying that she was still disabled through June 1980. The defendant insurer argues that its delay in payment was reasonable because additional documents had been requested from plaintiff. Even if this fact justified the delay in payment the defendant admittedly received all the requested documents by the end of December 1979 and it still did not begin payments until April 1980.
Defendant received Dr. Lazaro’s report on December 26, 1979, which described the plaintiff as having disabling injuries. Although Dr. Lazaro expressed the opinion that plaintiff should have been able to resume work within 6 to 8 weeks, no followup examination was made and the defendant cannot assume that plaintiff did in fact make full recovery.
Dr. Gaar’s report, received by defendant on April 25, 1980, states that upon his last examination, on February 29, 1980, he felt that plaintiff had recovered and could resume her employment. This information was not known to defendant until April and therefore cannot excuse its delay in payment prior to April 1980.
The trial court was clearly correct in awarding penalties and attorney’s fees under the provisions of LSA-R.S. 22:657. The trial court doubled the amount of the payments of $200.00 per month from the date of the accident, October 9, 1979, until April 25, 1980, the date the defendant received Dr. Gaar’s report. The trial court also awarded $750.00 as attorney’s fees.
Plaintiff answered the appeal seeking an increase in the attorney’s fees awarded by the trial court and also additional attorney’s fees for this appeal. We have examined the record and we note that the trial was not protracted. Only three witnesses were called to testify at trial; plaintiff, Dr. Ventre, and Joyce Murray, an employee of defendant. Dr. Gaar’s testimony was introduced by deposition. We have concluded that, while $750.00 may be a conservative award of attorney’s fees, we cannot say that it was manifestly erroneous.
*303 Plaintiff has answered the appeal seeking additional attorney’s fees for the appeal. We conclude that plaintiff is entitled to $500.00 as additional attorney’s fees for this appeal. The trial court judgment will be amended accordingly.
For the reasons assigned, the judgment of the trial court is amended by increasing the attorney’s fees awarded the plaintiff to $1,250.00. In all other respects the trial court judgment is affirmed.
Defendant-appellant is to pay all costs of this appeal.
AMENDED AND AFFIRMED.

. Inland Life’s name was changed to Ideal National Insurance Company effective December 31, 1979.