Joseph F. POWELL, Plaintiff-Appellee,

v.

OLD SOUTHERN LIFE INSURANCE CO., Defendant-Appellant.

No. 85–4203

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1986.

Provosty, Sadler & deLaunay, David P. Spence, Alexandria, La., for defendant-appellant.

Charles F. Nunnally, III, Alexandria, La., for plaintiff-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Following state law, we affirm the district court's determination that an insurance company failed to pay a claim made on a health insurance policy without just and reasonable grounds and that it owed both the amount claimed and attorneys' fees. We affirm the amount it awarded as

fees, and, in addition, assess the fees due for this appeal.

Joseph F. Powell bought two accident and health policies from Old Southern Life Insurance Company to become effective May 1, 1981. Nineteen months after the insurance coverage began, Powell underwent coronary bypass surgery. Old Southern denied liability for the medical expenses on the basis that Powell's condition preexisted the coverage.

Our jurisdiction of this case being founded on diversity, Louisiana law applies. Louisiana courts hold that an insurer seeking to defend its denial of coverage on a contract's preexisting-condition clause bears the burden of proof with respect to establishing whether the plaintiff's condition preexisted the insurance contract.[1]

■ Depositions of three physicians were submitted to the court. The surgeon who performed the bypass stated that he could not determine how long the plaintiff had had significant blockage of his arteries: it might have been months or years. A specialist in cardiology who had examined the plaintiff in 1974 also testified by deposition. This specialist was of the impression that in 1974 Powell had suffered from angina caused by coronary arteriosclerosis. Powell's family physician, however, had disagreed and had treated Powell for esophagitis, that is, an inflamed esophagus. The district court did not find this evidence sufficient to support the conclusion that Powell's heart condition began prior to May 1981. It considered significant the fact that the specialist who examined Powell in 1974 could not "state to a medical certainty the length of time necessary for a vessel to acclue." While this expression may not state the issue with precision, it is apparent from reading the surrounding findings that the court did not find this deposition or the others persuasive evidence that the coronary blockage preexisted the taking of insurance.

■ Turning to whether the defendant was also responsible for the payment of penalties and attorney's fees under the Louisiana statute,[2] the court concluded that the evidence Old Southern had before it when it denied Powell's claim was not evidence of a type that would put a reasonable and prudent businessman "on his guard." When it denied the claim, the insurance company had before it only copies of bills from various doctors in a hospital, and a hospital report that stated that Powell was well until "about two years ago when he started having dyspnea on exertion and intermittent chest pain, described as retrosternal tightness, occurring usually with exertion." The same report states that the plaintiff was hospitalized "a few years ago" for an "alleged myocardial infarction," at which time the plaintiff allegedly had severe chest pain lasting about two hours. The court concluded that this was the only substantive evidence on which the insurer had denied liability and that this evidence was not clear enough to put a reasonable and prudent businessman on guard. The court reasoned that before denying coverage the insurance company

---

1. *Lake Charles Memorial Hospital v. Sinegal,* 440 So.2d 1358 (La.Ct.App.1983); *Borer's Estate v. Louisiana Health Serv. & Indemn. Co.,* 431 So.2d 49 (La.Ct.App.1983); *Dance v. Southern Surety Company of New York,* 16 La.App. 373, 134 So. 725 (La.Ct.App.1931).

2. La.Rev.Stat.Ann. § 22:657(A) provides:
   All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court. The district court of the parish where the insured lives or has his domicile shall have jurisdiction to try such cases.

should have conducted further investigation into the history of its 19-month policyholder. "If it had done so, it is doubtful that the claim would have been denied," the district court held, relying on a Louisiana Supreme Court decision, *Lopez v. Blue Cross of Louisiana*.[3] In granting the plaintiff judgment, the court fixed attorney's fees at $3,000 pursuant to the statute.

Old Southern attacks the court's findings on the merits as clearly erroneous, relying, in large part, on Fifth Circuit jurisprudence holding that the trial court's findings are accorded less credit when the evidence consists entirely of depositions and similar documentary evidence.[4] In its last term, however, the Supreme Court held, in *Anderson v. City of Bessemer City, North Carolina*,[5] that the mandate of Rule 52(a) of the Federal Rules of Civil Procedure applies equally to district court findings based on documentary evidence. Having read the record, we find ample support in it for the trial judge's conclusions on the merits.

Relying on the state statute, the district court also awarded the prevailing plaintiff attorney's fees. As the Supreme Court stated in *Alyeska Pipeline Service Co. v. Wilderness Society*, in "an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed."[6] In accordance with this policy, federal courts in diversity cases have followed state statutes allowing attorney's fees unless the state practice directly conflicts with a federal statute or rule of court.[7]

State law conflicts with no federal statute or rule applicable to this case and, indeed, the plaintiff's right to attorney's fees is not disputed. Old Southern contends, however, that the amount awarded was excessive, without further supporting this attack. The district court, apparently following the lead of *Dowden v. Commonwealth Life Insurance Company*,[8] a Louisiana state court decision, did not exact a statement of time spent by counsel for the successful insured, and made no findings of the kind that are generally required by our circuit.[9] In *Dowden*, the Louisiana court stated, "When attorney fees are awarded as a result of arbitrary nonpayment of insurance benefits, such an award is deemed to be a penalty and the value of attorney fees need not be proven."[10] Whether, as federal procedure requires, evidence of the value of the attorney's services must be adduced or whether state law control, need not be resolved in this case, as the issue was not raised by the parties below. However, we note that in *Shakey's Inc. v. Covalt*,[11] the Ninth Circuit Court of Appeals held that, under the *Erie* doctrine, federal law, not state law, determines the method of computing the amount of attorney fees due, even though the right to fees is based on state law.[12]

**3.** 397 So.2d 1343 (1981).

**4.** *See, e.g., Smith v. United States*, 502 F.2d 512 (5th Cir.1974); *Emmco Insurance Company v. Wallenius Caribbean Line, S.A.*, 492 F.2d 508 (5th Cir.1974).

**5.** —— U.S. ——, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

**6.** 421 U.S. 240, 259 n. 31, 95 S.Ct. 1612, 1622–23 n. 31, 44 L.Ed.2d 141, 154 n. 31 (1975) (quoting 6 J. Moore, Federal Practice ¶ 54.77[2], at 1712–13 (2d ed. 1974).

**7.** *Ralston Oil & Gas Co. v. Gensco*, 706 F.2d 685, 697 (5th Cir.1983); *Lewis v. Chiles*, 719 F.2d 1044, 1049 (9th Cir.1983); *Culbertson v. Jno. McCall Coal Co., Inc.*, 495 F.2d 1403, 1405–06 (4th Cir.1974).

**8.** 407 So.2d 1355 (La.Ct.App.1981).

**9.** *See, e.g., Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1092–97 (5th Cir.1982); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974).

**10.** 407 So.2d 1355, 1358 (La.Ct.App.1981).

**11.** 704 F.2d 426, 435 (1983).

**12.** *See also Woods Construction Co. v. Atlas Chem. Indus.*, 337 F.2d 888, 890–91 (10th Cir.

In *Woods v. International Harvester Co.,*[13] however, the Fifth Circuit implied that the manner used to calculate an award of attorney fees is governed by state practice. That case turned on whether a federal court would enforce a contingency fee agreement valid under state law. We said, only, "Whether or not we would have enforced the contingency fee agreement, we cannot say the trial court's procedure was a 'clear case of abuse.' "[14]

Noting the issue, we need not decide whether, in a diversity case, attorneys' fees granted in a Fifth Circuit federal court are to be fixed in accordance with the criteria set by *Johnson v. Georgia Highway Express,*[15] as more fully explained in *Copper Liquor II,*[16] or in accordance with state rules. In this case no issue concerning the amount of fees due or the method of calculating the award was raised in the district court, and we do not consider issues not raised below unless they present a pure question of law or a refusal to do so would "result in a miscarriage of justice."[17] This issue does not meet either exception. Because we find the district court did not abuse its discretion, we affirm the district court's determination as to the amount of fees to be awarded.

The statute also entitles Powell to reimbursement for attorney's fees incurred in connection with this appeal.[18] In accordance with Rule 47.8.1 of the Local Rules of the Fifth Circuit Court of Appeals, counsel for Powell has filed an affidavit listing the hours spent in preparation of this appeal. The itemization of hours appears reasonable, and the court considers a fee of $100 per hour reasonable for the services rendered. Accordingly, the judgment for attorney's fees is increased to $6,000.

For these reasons, the judgment of the trial court is AFFIRMED as modified.

1964); *Kellems v. California CIO Council,* 6 F.R.D. 358, 360–61 (N.D.Ca.1946).

**13.** 697 F.2d 635, 640–41 (5th Cir.1983).

**14.** *Id.* at 641.

**15.** 488 F.2d 714, 717–19 (5th Cir.1974).

**16.** *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1092–97 (5th Cir.1982).

**17.** *Volkswagen of America, Inc. v. Robertson,* 713 F.2d 1151, 1166 (5th Cir.1983).

**18.** *Guillory v. Inland Life Ins. Co.,* 406 So.2d 300, 302–03 (La.Ct.App.1981).