**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TRANSAMERICA OCCIDENTAL LIFE
INSURANCE COMPANY, a California
Corporation,
Plaintiff-Appellee,

No. 96-1147

v.

LAUNEIL SANDERS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CA-94-53-3-P)

Submitted: June 18, 1996

Decided: July 8, 1996

Before HALL, MURNAGHAN, and WILKINS, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Launeil Sanders, Appellant Pro Se. Louis Adams Bledsoe, III, Ste-
phen Graham Robinson, ROBINSON, BRADSHAW & HINSON,
P.A., Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Launeil Sanders appeals the district court's entry of judgment against him in this action. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332 (1988). The district court awarded judgment on the pleadings in favor of the plaintiff, Transamerica Occidental Life Insurance Company (Transamerica). We affirm in part, vacate in part, and remand for further proceedings.

Transamerica's action is based on two life insurance policies issued to Sanders' wife, Evelyn, now deceased. Transamerica paid Sanders $101,319.34 on one of the policies. The company later discovered that Evelyn Sanders was receiving treatment for cancer at the time both applications were submitted, while the applications represented that Evelyn Sanders never had and did not presently have cancer. Transamerica filed this action against Sanders on numerous grounds. After reviewing the complaint and Sanders' responsive pleadings, the district court granted Transamerica's motion for judgment on the pleadings. We review such a decision de novo. See Katzer v. Baldor Elec. Co., 969 F.2d 935, 937 (10th Cir. 1992). Sanders' failure to deny the material factual allegations in the Complaint was properly treated as an admission of those facts. Fed. R. Civ. P. 8(d). See North River Ins. Co. v. Stefanou, 831 F.2d 484, 486 (4th Cir. 1987), cert. denied, 486 U.S. 1007 (1988). Therefore, we affirm entry of judgment against Sanders.

The district court entered judgment in favor of Transamerica on a claim of unfair and deceptive trade practices, N.C. Gen. Stat. § 75-1.1 (1994), and awarded treble damages of $303,958.02 against Sanders in accordance with N.C. Gen. Stat. § 75-16 (1994). The court also awarded damages on Transamerica's allegation of fraud, amounting to $101,319.34. Transamerica is not entitled to damages for both causes of action based on the same conduct. Winant v. Bostic, 5 F.3d

2

767, 775 (4th Cir. 1993); Barbee v. Atlantic Marine Sales & Serv., Inc., 446 S.E.2d 117, 122-23 (N.C. App. 1994). Therefore, we vacate the entry of judgment as to damages and remand so that Transamerica can elect its remedy: either $101,319.34 on the fraud claim or $303,958.02 on the unfair and deceptive trade practices claim. See Ellis v. Northern Star Co., 388 S.E.2d 127, 132 (N.C. App. 1990).

The district court's final judgment allowed recovery of Transamerica's costs and attorneys' fees. Attorneys' fees mandated by state statute are available in a diversity action. Cotton v. Slone, 4 F.3d 176, 180 (2d Cir. 1993); cf. Culbertson v. Jno. McCall Coal Co., 495 F.2d 1403, 1405 (4th Cir.) (state law on attorney fees should normally be followed in a diversity action), cert. denied , 419 U.S. 1033 (1974). Under N.C. Gen. Stat. § 75-16.1, the judge has discretion to allow a reasonable attorney fee to the prevailing party on a finding by the judge that (1) the losing party has wilfully engaged in the practice and there was an unwarranted refusal to resolve the underlying problem; or (2) the plaintiff in the action knew or should have known it was frivolous and malicious. Only the first is possible in this case, as Transamerica prevailed on its claim. Under the statute, the court must make a specific finding that the actions in question were willful, the defendant refused to resolve the matter fully, and the attorneys' fees are reasonable. Barbee, 446 S.E.2d at 117, 121-22. The district court did not make the requisite finding. Evans v. Full Circle Prods., Inc., 443 S.E.2d 108, 110 (N.C. App. 1994). On remand, the district court should consider whether such a finding is possible in this case.

In sum, we affirm the district court's entry of judgment on the pleadings. We vacate the entry of judgment and remand the case to the district court so that Transamerica can elect its remedy. On remand, the district court should consider whether costs and attorneys' fees should be awarded in light of the state statute. We deny Sanders' motion to recuse this court and transfer the case to the Federal Circuit in Washington, D.C. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

3