**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FRANCES L. WAYMON FOX,
Plaintiff-Appellant,

v.

KATHY THOMASEEC, d/b/a Touch of
Grace Personal Home Care,
Owner/Director; WANDA SHEPHERD,
a/k/a Miss Smith, Kathy
Thomaseec's "SIC"; CARROL
WALTER WAYMON, Brother of
plaintiff; Uncle of Bill Waddell and
Rachell Waddell Addison; WILLIAM

No. 98-2800

ISAAC WADDELL, JR., a/k/a Bill,
Nephew of plaintiff; RACHEL ANN
WADDELL ADDISON, Niece of
plaintiff; MARGARET WADDELL, Wife
of William Waddell; LARRY NELSON,
Son of Margaret Waddell; SUSAN J.
HALL, Attorney at Law; DAVID
HALL, Husband and partner of
Attorney Susan Hall; CLINTON
WILBURN, Dr.,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-98-376-5-H)

Submitted: April 27, 1999

Decided: May 18, 1999

Before WIDENER and WILKINS, Circuit Judges, and
HALL, Senior Circuit Judge.

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

_____

**COUNSEL**

Frances L. Waymon Fox, Appellant Pro Se. Steven Craig Lawrence, ANDERSON, BROADFOOT, JOHNSON & PITTMAN, Fayetteville, North Carolina; Carmen J. Battle, Fayetteville, North Carolina; Susan J. Hall, Fayetteville, North Carolina; David Hall, Fayetteville, North Carolina; Mark E. Anderson, PATTERSON, DILTHEY, CLAY & BRYSON, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Frances Fox appeals an order of the district court dismissing this action for lack of subject matter jurisdiction. Fox filed her action under 28 U.S.C.A. § 1332(a)(1) (West 1993 & Supp. 1998), asserting diversity of citizenship. As Fox did not bear her burden of establishing complete diversity, we affirm the district court's order of dismissal. See Owen Equip. & Erection Co. v. Kroger , 437 U.S. 365, 377 (1978) (statute requires complete diversity and is strictly construed).

Fox also appeals the district court's order granting defendants' request for costs and attorney's fees under Fed. R. Civ. P. 54(d). An award of costs to the prevailing party is appropriate under Fed. R. Civ. P. 54(d)(1). Under Fed. R. Civ. P. 54(d)(2)(B), a party requesting attorney's fees must specify the statute, rule, or other ground that entitles him to an award of the fees. The defendants in this case did not so specify.

2

Under the American Rule, each party bears the costs of its own attorneys, and attorney's fees are generally not a recoverable cost of litigation unless a statute or agreement provides otherwise. Key Tronic Corp. v. United States, 511 U.S. 809, 814-15 (1994). In diversity cases, state law is ordinarily followed to determine whether fees are recoverable. Culbertson v. Jno. McCall Coal Co., 495 F.2d 1403, 1405-06 (4th Cir. 1974). The general rule in North Carolina is that "a successful litigant may not recover attorney's fees, whether as costs or as an item of damages, unless such a recovery is expressly authorized by statute." Stillwell Enters., Inc. v. Interstate Equip. Co., 266 S.E.2d 812, 814 (N.C. 1980). As the defendants cited to no statutory authority to support their request for attorney's fees, we hold that the district court erred in granting the requested fees. Because the defendants' itemized costs appear to be mixed in with the fee charges, we vacate the award and remand to the district court for further consideration of an appropriate award of costs. We deny the requests for sanctions against Fox on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED AND REMANDED IN PART

3