# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2023

Lyle W. Cayce
Clerk

No. 23-20016
Summary Calendar

_____

Paul Clarence Murphy, IV,

*Appellant*,

*versus*

Edgefield Holdings, L.L.C.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-1991

_____

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

This appeal arises out of a dispute over the district court's award of attorney's fees against Paul Murphy and Morteza Naghavi. For the following reasons, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20016

## I.    Background

Naghavi filed a quiet title action against Edgefield Holdings, LLC ("Edgefield").  After removal, Murphy was substituted as counsel for Naghavi, and Edgefield asserted a counterclaim.  Various disputes subsequently arose between the parties, and the district court admonished Murphy to strictly abide by its orders and observed that his conduct, alongside Naghavi's claims, appeared to be in bad faith.  Separately, Naghavi filed a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings as to Edgefield's counterclaim, which the district court denied.  Naghavi also failed to follow a discovery-related order.

These and other events culminated in the district court issuing a show cause order to Naghavi.  At a hearing, the district court found that Naghavi and Murphy had committed sanctionable behavior and failed to show good cause why the case should not be dismissed.  It accordingly dismissed Naghavi's claims with prejudice, entered final judgment, and ordered Naghavi to pay Edgefield attorney's fees.

Edgefield then applied for attorney's fees against Naghavi and Murphy.  Neither responded to the application.  Rather, they appealed the district court's final judgment.[1]  The district court granted Edgefield's application and determined that Naghavi and Murphy were jointly and severally liable for $17,410.91 in attorney's fees and costs.  Naghavi then moved to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), and alternatively to correct a clerical error per Federal Rule of Civil Procedure 60(a), to change the district court's determination that

---

[1] The clerk's office dismissed this appeal for want of prosecution under 5TH CIR. R. 42.3.  Naghavi filed a motion to reinstate the appeal, which the clerk's office denied. Naghavi then moved for reconsideration, which was also denied.  *See generally Naghavi v. Edgefield Holdings, L.L.C.*, No. 22-20531 (5th Cir. 2022).

2

No. 23-20016

Murphy was jointly and severally liable for attorney's fees and costs. The district court denied this motion, and Naghavi and Murphy subsequently appealed the district court's orders granting attorney's fees and denying the motion to alter or amend or correct a clerical error.[2]

## II.    Standard of Review

The district court had diversity jurisdiction over this case under 28 U.S.C. § 1332(a), and we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We "review[] an award of attorneys' fees for abuse of discretion," applying clear error review to factual findings and de novo review to legal conclusions. *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 846 (5th Cir. 2013). In addition, we review for abuse of discretion a district court's grant or denial of a Rule 59(e) motion, *Fletcher v. Apfel*, 210 F.3d 510, 512 (5th Cir. 2000), as well as its denial of a Rule 60 motion, *NewCSI, Inc. v. Staffing 360 Sols., Inc.*, 865 F.3d 251, 263 (5th Cir. 2017). Separately, we review a district court's denial of a Rule 12(c) motion for judgment on the pleadings de novo. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

## III.    Discussion

Before turning to the merits of Murphy's contentions, we consider which, if any, of his arguments are properly before us.

## A.    Issues Not Raised in the First Appeal

Murphy argues that (1) the district court erred in denying the Rule 12(c) motion, and (2) Naghavi did not violate a discovery order, but, if he did,

---

[2] While both Naghavi and Murphy appealed these orders, Naghavi failed to file a brief and was dismissed from this case for want of prosecution under 5TH CIR. R. 42.3. Murphy filed a brief only on his own behalf, though his brief addresses issues relevant to both himself and Naghavi.

any violation was justified. However, we are bound by the "waiver doctrine," which provides that issues that could have been raised on appeal but were not may not be reconsidered on remand by a district court. *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011). Importantly, the waiver doctrine "also prevents us from considering such an issue during a second appeal." *Lindquist v. City of Pasadena*, 669 F.3d 225, 239 (5th Cir. 2012).

Nothing prevented Murphy from arguing in the appeal of the district court's final judgment that the court erred by denying the Rule 12(c) motion or concluding that Naghavi had committed discovery violations. *See id.* at 240. The basis for these arguments existed at the time the first appeal was filed, and Murphy could have submitted briefing on these points if he so chose. He did not do so, however. Rather, that first appeal was dismissed for want of prosecution, and no briefing on these issues was ever filed. Therefore, by virtue of Murphy's failure to properly make such claims in that first appeal, we will not consider them in this second appeal.[3] *See id.*

## B.    Issues Not Raised Before the District Court

In addition, Murphy (1) challenges the reasonableness and necessity of the attorney's fees and costs awarded against him and Naghavi and (2) argues that a portion of those fees and costs were not attributable to a failure to obey discovery orders. However, we will "not address an argument raised by a party for the first time on appeal, even if it concerns the same issue (attorneys' fees) unless it meets the plain error standard." *Forbush v. J.C.*

---

[3] Naghavi appears to have represented himself pro se for at least part of the first appeal. That does not affect our conclusion. Rather, Murphy filed the notice of appeal on Naghavi's behalf, and, according to Naghavi himself, Murphy continued to advise him throughout his appeal, despite an apparent payment dispute and Murphy's purported threat to withdraw.

*Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996). Under this standard, where "no issue concerning the amount of fees due or the method of calculating the award was raised in the district court," we will "not consider [the] issues not raised below unless they present a pure question of law or a refusal to do so would result in a miscarriage of justice." *Powell v. Old S. Life Ins. Co.*, 780 F.2d 1265, 1268 (5th Cir. 1986) (internal quotation marks and citation omitted); *see also U.S. ex rel. Wallace v. Flintco Inc.*, 143 F.3d 955, 971 (5th Cir. 1998).

Edgefield applied for attorney's fees against Murphy and Naghavi, who failed to file *any* response to the application. While they did move to alter or amend the judgment under Rule 59(e), or alternatively to correct a clerical error under Rule 60(a), this motion exclusively addressed the issue of whether the district court erred in ordering that Naghavi and Murphy were jointly and severally liable. Therefore, because Murphy did not contest the reasonableness, necessity, or calculation of these fees and costs before the district court, we will only consider his arguments on these issues if they raise a pure question of law or if refusal to assess the issues would result in a miscarriage of justice. *Powell*, 780 F.2d at 1268.

Neither exception applies. First, "[t]he determination of a fair attorney fee award is not a purely legal issue," and as such Murphy's arguments do not raise a pure question of law. *Forbush*, 98 F.3d at 822 (internal quotation marks omitted). Second, Murphy fails to address how our refusal to assess these issues would lead to a miscarriage of justice. We "will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory." *Id.* Because Murphy fails to satisfy the plain error standard, we do not consider these arguments raised for the first time on appeal. *See id.*; *Powell*, 780 F.2d at 1268.

## C.     Issues Not Properly Briefed

Finally, Murphy reiterates his previous argument that he should not be held jointly and severally liable for attorney's fees because the proposed final judgment and the district court's final judgment only referred to Naghavi in the context of fees.  However, appellants must provide "citations to the authorities and parts of the record on which the appellant relies" in support of their "contentions and the reasons for them."  Fed. R. App. P. 28(a)(8)(A).  Parties that fail to adequately brief an issue on appeal waive any arguments on that issue.  *See DeVoss v. Sw. Airlines Co.*, 903 F.3d 487, 489 n.1 (5th Cir. 2018).   To that end, parties that fail to provide citations or authorities in support of an issue waive their arguments.  *See L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994).

Murphy's brief is devoid of any citations in support of his argument that the manner in which the proposed final judgment and district court's final judgment discussed attorney's fees precluded him from later being held jointly and severally liable for those fees.  While he does cite case law relevant to the standards for Rule 59(e) and Rule 60(a) motions near this argument in his brief, he fails to provide "any relevant Fifth Circuit cases" that substantiate this particular contention.  *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 414 (5th Cir. 2021).  Therefore, we conclude that he has waived it on appeal.  *See id.*; *L & A Contracting Co.*, 17 F.3d at 113.

## IV.     Conclusion

Based on the foregoing, we AFFIRM the district court's grant of attorney's fees and denial of the Rule 59(e) and Rule 60(a) motion.